# UNITED STATES DISTRICT COURT

## IN THE EASTERN DISTRICT OF MICHIGAN

**CLIFTON E. JACKSON and**
**CHRISTOPHER M. SCHARNITZKE,**

Case No.: 2009-11529

Judge David M. Lawson

Plaintiffs, on behalf of themselves and
other persons similarly situated

| PROOF OF SERVICE |
|---|
| The undersigned certifies that this instrument, together with all referenced attachments was served on all parties to this case and/or their attorneys of record at their respective addresses as disclosed by the pleadings on __July 23, 2009__ by the following method(s): |
| [] U.S. Mail     [] Fax              [] Hand Delivered |
| [] Federal Express              [] UPS |
| [X] Other:     **ELECTRONICALLY EMAILED** |
| __/s/Delilah D. Talon__ |
| Signature of Serve |

**SEDGWICK CLAIMS MANAGEMENT**
**SERVICES, INC, and COCA COLA**
**ENTERPRISES, INC, foreign corporations,**
**and DR. PAUL DROUILLARD,**
**Jointly and Severally,**

Defendants.

---

MARSHALL LASSER P25573
MARSHALL LASSER PC
Attorney for plaintiffs
po box 2579
Southfield MI 48037
248-647-7722
mlasserlaw@aol.com
ddtalon@gmail.com


Thomas W. Cranmer P25252
Matthew F. Leitman P48999
Miller Canifield Paddock & Stone, P.L.C.
840 West Long Lake Road, Ste. 200
Troy, MI 48098
248-879-2000
cranmer@millercanfield.com
leitman@millercanfield.com

BUTZEL LONG
By:     Daniel B. Tukel P34978
          Lynn A. Sheehy P38162
          Katherine D. Goudie P62806
Attorneys for Defendant Dr. Drouillard
150 W. Jefferson, Ste. 100
Detroit, MI 48226
313-225-7000
tukel@butzel.com
sheehy@butzel.com
goudie@butzel.com


Kathleen H. Klaus P67207
Attorney for Sedgwick
28400 Northwestern Hwy., 3rd Fl
Southfield, MI 48034
248-354-4030
khk@maddinhauser.com

---

## PLAINTIFFS' RENEWED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT BRIEF IN SUPPORT

**BRIEF IN SUPPORT OF MOTION**

**PROPOSED SECOND AMENDED COMPLAINT (ATTACHED)**

**Motion**

**Statement Concerning Requests for Concurrence.**     On or about July 22 and 23, plaintiffs' counsel conferred with each defense counsel and requested concurrence in this motion. All counsel refused to stipulate to this court's granting of leave to file the Second Amended Complaint.

**Important Note**: Plaintiffs previously filed an amended complaint correcting the misspelling of plaintiff Jackson, changing Cliff to Clifton.   This amended complaint was titled "Complaint," not "First Amended Complaint."  The court clerk told plaintiffs' counsel this amended complaint - merely correcting a misspelling - must be considered a First Amended Complaint.  If the court does not consider that amendment to constitute an amended complaint within the meaning of Rule 15(a)(1), then no leave of court is required forplaintiffs to file the proposed and attached Second Amended Complaint.

If, however, the court considers the earlier amendment to constitute an amended complaint within the meaning of Rule 15(a)(1), plaintiffs now move under FRCP 15(a)(2) for leave to file a Second Amended Complaint.

**Summary of Changes.**  The Second Amended Complaint, inter alia:

(1)  corrects the misspelling of Sedgwick in the caption;

(2)  adds plaintiff Paul Lulek, who claims RICO violations and predicate acts by Sedgwick Claims Management Service (Sedgwick) and by Dr. Paul Drouillard.   He does not sue Coca Cola Enterprises (Coke).

2:09-cv-11529-NGE-VMM   Doc # 31   Filed 07/23/09   Pg 3 of 18   Pg ID 459

(3) adds the medical practice of Dr. Drouillard as an enterprise.

(4) alleges additional predicate acts by Dr. Drouillard.

(5) adds paragraph 30A to allege conspiracy by defendants in violation of 18 USC 1962(d).

(6) describes previously alleged enterprises as "associating in fact," in response to the just-issued Supreme Court case of Boyle v United States, 556 US ____ (Je 8, 2009, no 07-1309)

**The Changes.**    The words **typed in boldface** were added in the Second Amended Complaint.

9.    The Enterprise or Enterprises.  The allegations in this paragraph are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.  **The predicate acts and violations of RICO alleged herein were committed by one or more of the following enterprises.  Dr. Drouillard participated in the conduct and management of the RICO enterprise of Dr. Paul Drouillard, and or participated in the conduct of one of the following enterprises, and or conspired with an enterprise in violation of 18 USC 1962(d).**

(1) **[Renumbered in Second Amended Complaint]**  The workers compensation personnel at the workers compensation claims departments at Sedgwick and Coke, handling Michigan workers compensation claims and associating in fact, formed an "enterprise" for purposes of the Racketeer Influenced and Corrupt Organizations Act (RICO) claims in this case.   These persons included, inter alia, La Tara Lewis.  Because they worked together regularly in adjusting and handling workers compensation claims for Coke Michigan workers, they formed an organization.  The

3

personnel at Sedgwick who handled Coke's Michigan workers compensation claims,
and the Michigan defense attorneys who worked with Sedgwick on those claims, also
handled Michigan workers compensation claims for other employers, such as DHL
Holdings.   The names of other persons in the enterprise are not known to plaintiffs.
Additionally or alternatively, the following persons or entities are an "enterprise"
which acted to defraud plaintiffs of their workers compensation benefits:

(2) the workers compensation claims personnel at Sedgwick who handled Michigan
claims;

(3) the workers compensation claims personnel at Sedgwick who handled Michigan
claims, plus Dr. Drouillard, **associating in fact**;

(4) the workers compensation claim personnel at Coke and Sedgwick handling
Michigan claims, plus Dr. Paul Drouillard, **associating in fact;**

**(5) the medical business and practice of Dr. Paul Drouillard, which treats
patients and which also generates what Dr. Drouillard fraudulently call
"independent medical examinations;' for years Dr. Drouillard, by means of this
enterprise, has supplied hundreds or thousands of fraudulent IME reports to
Coca Cola, Sedgwick, UPS, Liberty Mutual, Ajax Paving, and to other Michigan
employers and workers compensation insurers.**

(6) **[renumbered in Second Amended complaint]** the workers compensation
defense attorneys may be and may have been part of the enterprise.

**18A   In doing IMEs and in giving related depositions, in this case and other
cases, Dr. Drouillard violated duties arising under his medical licenses, oaths**

4

and standards,  under the WDCA, under the federal mail and wire fraud statutes, and under Michigan common law to:

a.  be unbiased;

b.  be independent in his judgment; that is, not favor either a workers compensation claimant or the insurance adjuster, insurer or self-insurer for whom he did the IME;

c.   determine in an IME the issues of disability and of the work-relatedness of an injury in the same manner as he would for a patient he was treating;

d.   accurately and honestly examine a claimant;

e.  accurately and honestly report what he did during an examination;

f.   completely and honestly record any history given to him by an examinee;

g.  weigh the results of his examination against the reports and records he possessed from other physicians who had examined or treated the claimant;

Dr. Drouillard violated these duties by writing fraudulent IME reports and used the mails and wires in furtherance of this scheme, in violation of 18 U.S.C. 1341 and 1343.

25.  Dr. Paul Drouillard, as part of a RICO enterprise or by his association with **or employment by** one of the RICO enterprises alleged above, violated 18 U.S.C. 1962(c) in that he participated in the conduct of the enterprise's affairs through a pattern of racketeering activity, and proximately injured plaintiffs as

5

alleged herein. His illegal conduct is described in throughout this complaint. The Michigan workers compensation defense attorneys, through their actions described in paragraph 20, may have participated in the conduct of the enterprise's affairs through a pattern of racketeering activity which proximately injured plaintiffs as alleged herein. These allegations are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

**30A. Conspiracy (18 U.S.C. 1962(d)). By means of the actions described in the complaint, each of the defendants conspired to violate 18 U.S.C. 1962( a through c), and conspired with one or more of the other defendants, and or the employees of Coca Cola and Sedgwick, and or with other persons, to violate 18 U.S.C. 1962(a through c). These allegations are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery. Such actions of conspiracy proximately caused or contributed to plaintiffs' damages, as a result of which defendants are liable to plaintiff under section 1962(d).**

31. The Pattern of Racketeering and the Claims of Each Plaintiff. [Unchanged until the following paragraphs are added:]

**Additional Allegations Concerning the Pattern of Racketeering by by Dr. Drouillard. In addition to the mail and wire communications with regard to the claims of Clifton Jackson and Paul Lulek, Dr. Drouillard committed other acts of racketeering as part of his racketeering scheme to conduct fraudulent IMEs**

6

for defendants, for other Michigan workers compensation insurers such as Liberty Mutual, and for the workers compensation defense attorneys. In particular, he conspired to and did write fraudulent IME reports for other employees of Coca Cola; these allegations are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery. They are also based on these facts known to plaintiffs' counsel, who has represented at least 30 other Michigan workers compensation claimants in the last 5 years in cases involving an IME by Dr. Drouillard:

Dr. Drouillard examined at least 20 Michigan workers compensation claimants in the last 5 years at the request of Sedgwick CMS, Coca Cola, SRS aka Specialty Risk Services, DHL Holdings Inc, and or attorney Thaddeus of the firm f Lacey & Jones and subsequently of the firm of Conklin, Benham, et al. Dr. Douillard also did at least 10 IMEs on employees of UPS in the last 5 years, many of which were fraudulent, as alleged in *Sammy Lewis, et al Dr. Paul Drouillard, et al*, USDC ED MI, case 09-CV-11095 (Hon. Robert Cleland). Dr. Drouillard made these examinations as part of hisscheme of racketeering, in which at least 20 times in the last 5 years he wrote and mailed false IME reports for the named individuals. These fraudulent reports were part of the pattern of racketeering by Dr. Drouillard, by which he wrote and conspired to write fraudulent IME reports for various workers compensation insurers, claims adjusters and defense lawyers. These fraudulent reports and particular

acts of fraud include:

**(1) Dr. Drouillard mailed two reports dated Jan. 31, 2007 and April 20, 2007 from his office in Westland MI to Specialty Risk Services in Troy, MI (Jan 2007 report) and to attorney T. Felker of Lacey & Jones in Birmingham MI (April 2007 report), in which he fraudulently concluded DHL worker Kenneth Cooper did not have a work-related neck or shoulder problem, or any disability. Strangely, *the day before the April 20 report,* on April 19, 2007, Specialty Risk Services mailed to Kenneth Cooper In Monroe, MI, and to the MI Workers Compensation Agency in Lansing, MI, a Notice of Dispute "left shoulder/arm treatment is disputed under this claim as non-work related and medical treatment and/or lost time benefits are disputed as related to this condition per the IME report."  On May 21, 2007, Specialty Risk Services mailed a notice of Dispute to Mr. Cooper and the Agency a Notice of Dispute stating "Wage and medical benefits terminated as of 5/21/2007, per addendum report of Dr. DRouillard the employee is able to return to work full duty related to the work related injury."   These fraudulent reports were part of the pattern of racketeering engaged in by Dr. DRouillard, for Coca Cola, Sedgwick CMS, and other entities and persons who retained him.**

**(2) A report by Dr. Drouillard on UPS employee Shawne Henry, which he mailed to Liberty Mutual In Indianapolis IN, from Garden City or Westland MI, on January 24, 2007, in which he fraudulently described the exam that he did and fraudulently concluded plaintiff had no work-related disability.**

8

**(2) A report by Dr. Drouillard concerning Christine Singleton, a UPS employee, which he mailed Dec. 28, 2007, from his Westland or Garden City office to Liberty Mutual in Indianapolis IN, as part of a scheme to fraudulently deprive Mrs. Singleton of her workers compensation benefits, in which he fraudulently described the exam that he did and fraudulently concluded plaintiff had no work-related disability.**

**(3) A report by Dr. Drouillard concerning John Miller, a UPS employee, which he mailed Oct. 14, 2005, from his Westland or Garden City office to Liberty Mutual in Indianapolis IN, as part of a scheme to fraudulently deprive Mr. Miller of his workers compensation benefits, in which he fraudulently described the exam that he did and fraudulently concluded plaintiff had no work-related disability.**

### 31 A.  CLIFTON JACKSON

[unchanged except for addition of following paragraphs:]

**On or about Jan. 6, 2009, Dr. Drouillard violated  18 USC 1343 (wire fraud) when in a phone conversation and or a facsimile communication from his office in Garden City Michigan with LaTara Lewis of Segwick CMS at her office in Chicago, IL, he conspired to conduct a fraudulent examination of Clifton Jackson, in which he would conclude, regardless of the facts, that Mr. Jackson had no work related disability.**

### 31 B. CHRISTOPHER SCHARNITZKE

[Unchanged]

9

**31 C.  PAUL LULEK**

**Paul Lulek sues Sedgwick Claims Management Services and Dr. Drouillard, not Coca Cola Enterprises.  Paul Lulek was employed by Coca Cola since May 1978 as a driver.  On March 12, 2007, he injured his knee while working for Coca Cola when delivering pallets at Meijers; he twisted his right knee and felt sharp pain.  Previously, in or about 1975, he injured his right knee and tore an ACL in a non-work-related sports injury.  However, during the years of his employment with Coke, Mr. Lulek had no knee problem doing his job for Coke, and lost no time from work due to a knee problem, and had no medical care for a knee problem.  His jobs for 29 years involved repetitive lifting, twisting, stair climbing, kneeling, and squatting, including lifting tanks of gas weighing 55#, carrying them up and down stairs, lifting dozens of tanks per day at times, lifting and carrying and stacking cases of cans or bottle of soda, often while twisting and bending.  Despite the constant stress on the knee in 29 years of work, Mr. Lulek had no knee problem or injury or loss of time or medical care due to a knee problem - until the incident at work on March 12, 2007.**

**Coke's industrial clinic, Business Health Services, treated plaintiff for a work-related injury; Coke and Sedgwick paid workers compensation.  On March 30, 2007, Dr. A. Burton of Business Health Services wrote a Discharge Report in which he diagnosed "sprain/strain, knee and leg - right" and "tear/torn meniscus (other) - right."  He imposed work restrictions of "no lifting more than 10-20lbs, no squatting and no kneeling."**

**Upon receipt of the Discharge Report, LaTara Lewis of Sedgwick conspired**

10

with Dr. Drouillard and perhaps with others to cut off Mr. Lulek's worker's compensation, and acted in furtherance of that conspiracy.   Dr. Drouillard and Sedgwick committed mail fraud and or wire fraud in violation of 18 USC 1341 and 1343, and in violation of 18 USC 1962(a, c and d):

• 	 on or about April 17, 2007 when they communicated by mail or wire to set up an "independent medical exam" by Dr. Drouillard; Dr. Drouillard, or the person at MES Soluations who acted as agent for him who handled the communication, was located at MES Solutions, 5700 E. Eleven Mile Rd Warren MI, or Garden City MI, and Lewis in Chicago IL; Ms. Lewis's telephone was 888 777 7039, and her facsimile was 312 347 6800; Dr. Drouillard's or his agent's phone number was 586 558 7800.

• 	on or about April 17, 2007, when Dr. Drouillard mailed or directed to be mailed from MES Solutions, 5700 E. 11 Mile Road,Warren MI to Paul Lulek, 7741 Spring Trace, MI 48114, a notice for appear for examination.  The notice was part of the scheme to defraud plaintiff, and also fraudulently stated, "I am an independent doctor."  This statement was fraud because (1) Dr. Drouillard was a contractor with MES Solutions, doing up to 1,300 examinations per year for MES and its clients, including Sedgwick, DHL, UPS, Liberty Mutual, et al, and thus he was financially dependent on IME examinations and related deposition, and (2) Dr. Drouillard intended to write a report favorable to the insurer or claim adjuster regardless of the true facts.

• 	April 17, 2007, when LaTara Lewis mailed to Lulek a notice to appear for

11

Drouillard's examination (see paragraph above for addresses).

• April 23, 2007, when Dr. Drouillard mailed to Sedgwick CMS in Chicago a report fraudulently stating, inter alia, (1) "at this time he [Lulek] can return to work in his former capacity without restrictions," and (2) "no other treatment is necessary in regards to any work injury." In fact. Mr. Lulek could not return to work without restriction and did need treatment for a work injury.

• May 7, 2007, when LaTara Lewis of Sedgwick mailed to Lulek (see above for addresses) and to the Workers Compensation Agency in Lansing, MI, a Notice of Dispute, which stated, "per IME of 4-23-2007 Dr. Drouillard has stated that Mr. Lulek has reached MMI for his 3-12-2007 [sic] as it was a minor strain. Any further treatment should be directed to his private doctor. Benefits terminated as of 5-3-07."

A few weeks after benefits were terminated and Dr. Drouillard reported Mr. Lulek could return to work without restriction, Mr. Lulek was examined by orthopedic surgeon Dr. Laith Farjo, who determined plaintiff could not work and needed surgery. His Clinical Status Update of 5/24/07 also stated the condition was related to employment. Dr. Farjo did surgery on 5/30/07 and made an Operative/Procedure Report of that date. Despite receipt of these documents, Sedgwick continued to refuse to reinstate workers compensation documents and did not fairly and fully review all medical documents.

The fraudulent scheme and conspiracy by Sedgwick and Dr. Drouillard proximately caused plaintiff to lose workers compensation benefits (weekly wage loss

and medical care benefits).

WHEREFORE Paul Lulek seeks judgment of treble damages jointly and severally against defendants plus attorney fees and costs as provided by 18 U.S.C. 1964, and by other statutes and court rules.

32.   **AIDING AND ABETTING.**   Coke aided and abetted the predicate acts committed by the other defendants, because (1) Sedgwick acted as agent for Coke, and the actions of its agent are attributable to Coke, and (2) on information and belief, employees of Coke knew of the predicate acts planned by the defendants on behalf of Coke and permitted them to take place by silent or express approval, and by failing to stop the pattern of racketeering though it had knowledge of same.   The identities of the Coke employees and the dates of their actions and the dates they learned of the planned predicate acts are not known to plaintiff.   Dr. Drouillard aided and abetted the predicate acts committed by LaTara Lewis and other employees of Sedgwick by (1) communicating with them personally or through agents to set up the so-called "independent medical examinations," and (these communications, if by mail or wire, are also acts of mail and wire fraud by Dr. Drouillard), and (2) by doing those exams to aid Sedgwick's goal of cutting off or denying benefits. The allegations of this paragraph are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

33. **PRAYER FOR RELIEF - DAMAGES.**   [Paragraph is renumbered and captioned; otherwise unchanged]

34. **PRAYER FOR INJUNCTIVE RELIEF.** [Paragraph is renumbered; otherwise

13

unchanged]

**BRIEF IN SUPPORT**

**Issue Presented**

Should the court grant plaintiffs leave to file their proposed First/Second Amended

Complaint?

**Controlling Authorities**

FRCP 15(a)(2)

## Argument

The First Amended Complaint merely changed the caption to correct the spelling of plaintiff Clifton Jackson.   It made no substantive change whatsoever.  *Had not that Complaint been filed, plaintiff would not have had to seek leave to file the Second Amended Complaint.*

Also, if the court orders that the caption correction did not constitute a First Amended Complaint, then it should also order that the plaintiffs may file the attached complaint by right and without the need for leave, and that the attached complaint shall be designated First Amended Complaint.

However, if the court deems the caption correction to constitute a First Amended Complaint, then it should grant leave to file the proposed Second Amended Complaint.

FRCP 15(a)(2)  provides the court "should freely give leave [to amend] when justice so requires."

No prejudice befalls defendants from an amendment at the outset of the case.   Defendants will not be handicapped in any way by an amendment taking place even before they have even answered the complaint.

With regard to the addition of the conspiracy claim in the proposed complaint, amendment is proper because RICO section 1962(d) provides for liability to conspire to violate 18 U.S.C. 1962(a-c).   Case law holds that persons who conspire to violate RICO sections 1962(a through c) may be held liable under section 1962(d).   *Salinas v United States*, 522 US 52, 118 S Ct 469, 139 L Ed 2d 352 (1997), *Smith, et al v Berg et al*, 247 F3d 532 (3rd Cir 2001).

The Second Amended Complaint adds the claim of Paul Lulek, and alleges many more predicate acts by Dr. Drouillard.

17

The Second Amended Complaint also amends the "enterprise" allegations in response to the new Supreme Court decision in *Boyle v United States,* 556 US ___(June 8, 2009, No 07-1309).

The proposed Second Amended Complaint is attached to this motion as required by LR 15.1.

/s/ Marshall Lasser
Marshall Lasser PC, by
Marshall Lasser P25573
po box 2579
Southfield MI 48307
(248) 647 7722
mlasserlaw@aol.com
ddtalon@gmail.com

Dated: July 23, 2009

C:\wp51\DOCS\CocaColaRICO\RenewedMotionLeaveFileSecondAmended.wpd