UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON E. JACKSON and
CHRISTOPHER M. SCHARNITZKE,

    Plaintiffs, on behalf of themselves
and other persons similarly situated,

v.

SEGWICK CLAIMS MANAGEMENT SERVICES, INC.,
and COCA COLA ENTERPRISES, INC., foreign
corporations, and DR. PAUL DROUILLARD,
jointly and severally,

    Defendants.

Case No. 09-11529

Hon. David M. Lawson

---

MARSHALL LASSER, P.C.
By:    Marshall Lasser (P25573)
P.O. Box 2579
Southfield, Michigan 49037
(248) 647-7722
**Attorney for Plaintiffs**

MILLER CANFIELD PADDOCK
   and STONE, P.L.C.
By:    Thomas W. Cranmer (25252)
    Matthew F. Leitman (P48999)
840 W. Long Lake Road, Suite 200
Troy, Michigan 48098
(248) 879-2000
**Attorneys for Defendant**
**Coca-Cola Enterprises, Inc.**

BUTZEL LONG
By:    Daniel B. Tukel (P34978)
    Lynn A. Sheehy (P38162)
    Katherine D. Goudie (P62806)
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000
**Attorneys for Defendant**
**Dr. Paul Drouillard**

MADDIN, HAUSER, WARTELL
   ROTH & HELLER, P.C.
By:    Kathleen H. Klaus (P67207)
28400 Northwestern Hwy., 3rd Floor
Southfield, Michigan 48034
(248) 354-4030
**Attorneys for Defendant**
**Segwick Claims Management Services, Inc.**

---

# DEFENDANT DR. PAUL DROUILLARD'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND/OR 12(b)(6)

Plaintiffs argue that the Witness Immunity Doctrine does not entitle Dr. Drouillard to dismissal, relying on *Buckley v. Fitzsimmons*, 509 U.S. 259 (2005); *Spurlock v. Satterfield*, 167 F3d 995 (6th Cir. 1999); and *Gregory v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006). Those cases did not supersede the cases cited by Dr. Drouillard, and are all inapposite to the situation presented here. None of those cases involved a physician performing an IME. Rather, they all involved allegations that police officers, prosecutors or other governmental officials or agents, acting in their official capacities and under color of law, had engaged in actions to fabricate or falsify evidence, thereby depriving the plaintiffs of their constitutional rights. Those constitutional deprivations resulted in wrongful criminal convictions and imprisonment.

In *Spurlock* the plaintiffs were wrongfully convicted of murder, when police officers and prosecutors conspired to have a witness fabricate evidence. That case did not involve an expert at all. In *Buckley* plaintiff was wrongfully convicted of murder, and spent three years in jail, when prosecutors fabricated evidence during the preliminary investigation and made false statements during a press conference. No expert was a party. The case involved only the issue of prosecutorial immunity, and the court found those defendants – state officials acting in their official capacity to deprive criminal defendants of their constitution rights, – not absolutely immune from liability under 42 U.S.C. §1983. *Gregory* is the only case plaintiffs cite in which an expert was named as a party. There, plaintiff had been wrongfully convicted of rape, and spent seven years in prison, based in part on the forensic expert's fabrication of evidence. That forensic "expert" was the Examiner for the Kentucky State Police Crime Laboratory, a police agent and not an independent expert. The court concluded that the "expert" was acting in an investigative

capacity in interpreting and documenting physical evidence, and that therefore her role was more akin to that of a police officer or prosecutor.

Those cases are inapplicable here. Dr. Drouillard is not a state official being sued under 42 U.S.C. §1983. He was not acting in an official capacity or under color of law. There is no allegation that he acted to deprive anyone of a constitutional right. Rather, Dr. Drouillard is a board-certified orthopedic surgeon who performed an IME, an act plaintiffs concede is specifically authorized by statute. His actions cannot even remotely be compared to police officers, prosecutors or their agents fabricating evidence in a criminal matter, depriving individuals of constitutional rights and resulting in wrongful felony conviction and incarceration.

Plaintiff does not address – indeed does not even cite – this Court's decision in *Morgan v. DaimlerChrysler*, 546 F. Supp. 2d. 496 (E.D. Mich., 2008), or the Michigan Supreme Court's decision in *Dyer v. Tractman*, 470 Mich. 45 (2004). Under those cases, an IME physician cannot be liable for his conclusions or opinions. The only theory under which an IME physician can be held liable is medical malpractice, and then ***only*** if the allegation is that the examination itself was negligently performed, resulting in physical injury to the person being examined. In such a case all the procedural requirements for a medical malpractice case must be met. Here there is no such claim, nor have the procedural requirements for asserting such a claim been met. While plaintiffs ignore *Morgan*, in that case this Court addressed the situation presented here -- a physician performing an IME – and found that there can be no liability against an IME physician such as Dr. Drouillard relating to the IME conclusions.

Plaintiffs also argue that the Witness Immunity Doctrine does not apply to administrative proceedings, but fail to cite *Butz v. Economou*, 438 U.S. 478 (1978). There the United States

Supreme Court reviewed claims of constitutional violations stemming from the conduct in an administrative proceeding conducted in the Department of Agriculture. The Court rejected the position plaintiffs urge here, stating that an "adjudication within a federal *administrative agency* shared enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages." *Id.* at 512 – 513, (emphasis added.). The Court further stated that "[a]bsolute immunity is thus necessary to assure that judges, advocates, *and witnesses* can perform their respective functions without harassment or intimidation." *Id.* (emphasis added.).

A WDCA proceeding – no less than a proceeding within the Department of Agriculture – shares enough of the characteristics of a judicial process for the Witness Immunity Doctrine to apply. A WDCA hearing is conducted by an impartial magistrate who serves only an adjudicative (and not also investigative or prosecutorial) function. The parties are represented by attorneys. Witnesses are called, who are subject to cross examination. Both sides have the opportunity to call experts. *See, Couch v Schultz*, 193 Mich. App. 292, 294-295 (1992), *lv. den.* 441 Mich. 855 (1992)(regarding witness immunity, " 'Judicial proceedings' may include any hearing before a tribunal or administrative board that performs a judicial function.").

Moreover, importantly, there is an elaborate appeal process available for a WDCA proceeding. That appeal process culminates in judicial review *by a court*, the Michigan Court of Appeals or the Michigan Supreme Court. Thus, not only does the administrative procedure itself share sufficient characteristics with a judicial process for the Doctrine to apply, the administrative procedure is also subject to review by a judicial process.

Nor is plaintiffs' claim that Dr. Drouillard examines some individuals prior to the initiation of a WDCA proceeding of consequence. That argument flies in the face of this Court's holding in *Morgan*, which precluded liability for an IME physician's conclusions, and did not limit that rule based on when the examination took place. Indeed, in *Morgan* the IME took place **before** there was any legal proceeding of any sort initiated or contemplated. The IME was conducted not for purposes of litigation or potential litigation, but for an entirely different purpose, to determine plaintiff's ability to return to work. Without any distinction as to its timing, this Court found no liability as to the IME physician for his conclusions.

Plaintiffs concede that the WDCA permits employers, even before litigation or other proceedings are initiated, to have an IME conducted. (Brief, p. 11) The public policy underlying witness immunity is no less compelling here than in a situation involving testimony in a court trial. If a physician who conducts an IME, an examination which is expressly authorized by statute, can be liable for the conclusions expressed simply because the IME took place prior to formal proceedings being initiated, it will have the precise chilling effect that the doctrine is intended to prevent. No physician will be willing to conduct an IME – at any stage of proceedings – if his or her conclusions can result in liability under RICO.

*Boyle v. United States*, cited by plaintiffs, relates only to the elements of a RICO "association in fact." That issue is never reached if the Court concludes that witness immunity entitles Dr. Drouillard to dismissal. Moreover, *Boyle* supports Dr. Drouillard's position. There the Court found that an "association in fact" must still have some structure, with decisions made by some method, whether by majority vote, consensus, etc. Here, whatever the "structure" is alleged

- 4 -

to be, there is no allegation that Dr. Drouillard had *any* involvement in making decisions regarding whether any plaintiff was entitled to Worker's Compensation benefits.

Moreover, *Boyle* requires that there be some longevity to the alleged enterprise. That element, too, cannot be met here. Dr. Drouillard performed an IME on only one of the two plaintiffs. He issued his report and his involvement was finished. His actions did not involve any longevity with the alleged enterprise.

In addition to the issues raised by Dr. Drouillard in his original Motion, he also adopts the substantive arguments made by defendant Coca-Cola as to the appropriateness of dismissal. For these reasons, as well as the reasons raised in his original Motion and Brief and in the Motion and Brief of co-defendant Coca-Cola, Dr. Drouillard's motion should be granted.

**BUTZEL LONG**

/s/ Daniel B. Tukel (P34978)
Lynn A. Sheehy (P38162)
Katherine D. Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000
tukel@butzel.com
sheehy@butzel.com
goudie@butzel.com
Attorneys for Defendant Dr. Drouillard

DATED: August 3, 2009

## Certificate of Service

I hereby certify that on August 3, 2009, I electronically filed the foregoing document, Defendant Dr. Paul Drouillard's Reply Brief In Support Of His Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and/or 12(b)(6), with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Marshall Lasser
P.O. Box 2579
Southfield, Michigan 49037
MLasserlaw@aol.com

Kathleen H. Klaus
28400 Northwestern Hwy. 3rd Floor
Southfield, Michigan 48034
khk@maddinhauser.com

Thomas W. Cranmer
Matthew F. Leitman
840 West Long Lake Road, Ste. 200
Troy, Michigan 48098
cranmer@millercanfield.com
leitman@millercanfield.com

**BUTZEL LONG**

/s/Daniel B. Tukel
Daniel B. Tukel (P34978)
Lynn A. Sheehy (P38162)
Katherine D. Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000
tukel@butzel.com
sheehy@butzel.com
goudie@butzel.com
Attorneys for Defendant Dr. Drouillard