UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

**CLIFTON E. JACKSON and
CHRISTOPHER M. SCHARNITZKE,**

Case No.: 2009-11529
Judge David M. Lawson

Plaintiffs, on behalf of themselves and other persons similarly situated

**PROOF OF SERVICE**

The undersigned certifies that this instrument, together with all referenced attachments was served on all parties to this case and/or their attorneys of record at their respective addresses as disclosed by the pleadings on __August 6, 2009__ by the following method(s):
[] U.S. Mail    [] Fax         [] Hand Delivered
[] Federal Express    [] UPS
[X] Other:    **ELECTRONICALLY EMAILED**

 /s/Delilah D. Talon
Signature of Serve

**SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC, and COCA COLA
ENTERPRISES, INC, foreign corporations,
and DR. PAUL DROUILLARD,
Jointly and Severally,**

Defendants.

---

| | |
|---|---|
| MARSHALL LASSER P25573<br>MARSHALL LASSER PC<br>Attorney for plaintiffs<br>po box 2579<br>Southfield MI 48037<br>248-647-7722<br>mlasserlaw@aol.com<br>ddtalon@gmail.com<br><br>Thomas W. Cranmer P25252<br>Matthew F. Leitman P48999<br>Miller Canifield Paddock & Stone, P.L.C.<br>840 West Long Lake Road, Ste. 200<br>Troy, MI 48098<br>248-879-200<br>cranmer@millercanfield.com<br>leitman@millercanfield.com | BUTZEL LONG<br>By:    Daniel B. Tukel P34978<br>         Lynn A. Sheehy P38162<br>         Katherine D. Goudie P62806<br>Attorneys for Defendant Dr. Drouillard<br>150 W. Jefferson, Ste. 100<br>Detroit, MI 48226<br>313-225-7000<br>tukel@butzel.com<br>sheehy@butzel.com<br>goudie@butzel.com<br><br>Kathleen H. Klaus P67207<br>Maddin, Hauser, Wartell, Roth<br>   & Heller, P.C.<br>Attorney for Sedgwick<br>28400 Northwestern Hwy., 3rd Fl<br>Southfield, MI 48034<br>248-354-4030<br>khk@maddinhauser.com |

**PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT (SECOND REVISION) & BRIEF IN SUPPORT OF
MOTION;
PROPOSED SECOND AMENDED COMPLAINT (SECOND REVISION) (ATTACHED)**

**Amended Motion**

Plaintiffs move under FRCP 15(a)(2) for leave to file a Second Amended Complaint (Second Revision).

This second revision adds language to paragraphs 30A Conspiracy and 32 AIDING AND ABETTING; those paragraphs were introduced in earlier versions of the proposed Second Amended Complaint. **The additions are boldfaced.**

> 30A.   Conspiracy (18 U.S.C. 1962(d)).  By means of the actions described in the complaint, each of the defendants conspired to violate 18 U.S.C. 1962( a through c), and conspired with one or more of the other defendants, and or the employees of Coca Cola and Sedgwick, and or with other persons, to violate 18 U.S.C. 1962(a through c).  **Coca Cola and Sedgwick, through the actions of their employees involved in the handling of Michigan workers compensation claims, and Dr. Drouillard, agreed to participate in the commission of the predicate acts which are alleged in this complaint.  These employees of Coca Cola and Sedgwick knew Dr. Drouillard and other "independent medical examiners" wrote reports which were used to deny or cut off workers compensation benefits, and knew Dr. Drouillard and other "independent medical examiners" were doctors who could be relied on to write a fraudulent report - finding a workers compensation claimant had no work-related disability regardless of the truth - yet these employees agreed to the use of Dr. Drouillard and others as "independent medical examiners," and to the use of their report to cut off or deny benefits, or to settle a claim for less than its true value due to the**

**fraudulent reports of Dr. Drouillard and other fraudulent independent medical examiners, knowing that the mails and wires would be used in furtherance of this fraudulent scheme.** These allegations are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery. Such actions of conspiracy proximately caused or contributed to plaintiffs' damages, as a result of which defendants are liable to plaintiff under section 1962(d).

32. AIDING AND ABETTING. Coke aided and abetted the predicate acts committed by the other defendants, because (1) Sedgwick acted as agent for Coke, and the actions of its agent are attributable to Coke, and (2) on information and belief, employees of Coke knew of the predicate acts planned by the defendants on behalf of Coke and permitted them to take place by silent or express approval, and by failing to stop the pattern of racketeering though it had knowledge of same. *Coca Cola and Sedgwick, through the actions of their employees involved in the handling of Michigan workers compensation claims, and Dr. Drouillard, agreed to participate in the commission of the predicate acts which are alleged in this complaint. These employees of Coca Cola and Sedgwick knew Dr. Drouillard and other "independent medical examiners" wrote reports which were used to deny or cut off workers compensation benefits, and knew Dr. Drouillard and other "independent medical examiners" were doctors who could be relied on to write a fraudulent report - finding a workers compensation claimant had no work-related disability regardless of the truth - yet these employees agreed*

> *to the use of Dr. Drouillard and others as "independent medical examiners," and to the use of their report to cut off or deny benefits, or to settle a claim for less than its true value due to the fraudulent reports of Dr. Drouillard and other fraudulent independent medical examiners, knowing that the mails and wires would be used in furtherance of this fraudulent scheme.* The identities of the Coke employees and the dates of their actions and the dates they learned of the planned predicate acts are not known to plaintiff. Dr. Drouillard aided and abetted the predicate acts committed by LaTara Lewis and other employees of Sedgwick by (1) communicating with them personally or through agents to set up the so-called "independent medical examinations," and (these communications, if by mail or wire, are also acts of mail and wire fraud by Dr. Drouillard), and (2) by doing those exams to aid Sedgwick's goal of cutting off or denying benefits. The allegations of this paragraph are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

The second revision of the proposed Second Amended Complaint also withdraws paragraph 24, which alleged violation of 18 USC sections 1962(a) and (b).

The proposed Second Amended Complaint (Second Revision) is attached hereto.

## BRIEF IN SUPPORT

### Issue Presented

Should the court grant plaintiffs leave to file the Second Amended Complaint (Second Revision)?

## Controlling Authorities

FRCP 15(a)(2)

*United States v Phillips,* 664 F2d 971 (5th Cir 1981)

*United States v Driver,* 535 F3d. 424, 432-3 (6th Cir 2008).

**Argument**

**I. THE SECOND AMENDED COMPLAINT (SECOND REVISION) ALLEGES A CONSPIRACY BY COCA COLA IN VIOLATION OF 18 USC §1962(d).**

Coca Cola's Brief in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint argues the proposed complaint fails to "plead the existence of an agreement to engage in conduct that would amount to a RICO violation," brief 4. In response to that argument, whether well taken or not, plaintiffs add the following italicized language to para. 30A, Conspiracy:

> 30A. Conspiracy (18 U.S.C. 1962(d)). By means of the actions described in the complaint, each of the defendants conspired to violate 18 U.S.C. 1962( a through c), and conspired with one or more of the other defendants, and or the employees of Coca Cola and Sedgwick, and or with other persons, to violate 18 U.S.C. 1962(a through c). *Coca Cola and Sedgwick, through the actions of their employees involved in the handling of Michigan workers compensation claims, and Dr. Drouillard, agreed to participate in the commission of the predicate acts which are alleged in this complaint. These employees of Coca Cola and Sedgwick knew Dr. Drouillard and other "independent medical examiners" wrote reports which were used to deny or cut off workers compensation benefits, and knew Dr. Drouillard and other "independent medical examiners" were doctors who could be relied on to write a fraudulent report - finding a workers compensation claimant had no work-related disability regardless of the truth - yet these employees agreed to the use of Dr. Drouillard and others as "independent medical examiners," and to the use of*

> *their report to cut off or deny benefits, or to settle a claim for less than its true value due to the fraudulent reports of Dr. Drouillard and other fraudulent independent medical examiners, knowing that the mails and wires would be used in furtherance of this fraudulent scheme.* These allegations are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery. Such actions of conspiracy proximately caused or contributed to plaintiffs' damages, as a result of which defendants are liable to plaintiff under section 1962(d).

This paragraph sufficiently alleges a conspiracy in violation of 18 USC §1962(d). It alleges knowing and voluntary participation in an *agreement* to defraud employees of workers compensation benefits through the use of fraudulent "independent medical examinations," with knowledge that the mails and wires would be used in furtherance of that scheme. This agreement to defraud is the essence of conspiracy, and this plaintiffs have now alleged. *United States v Phillips,* 664 F2d 971 (page 23 approx) (5th Cir 1981), held that

> [p]roof of a RICO conspiracy charge requires that the Government prove the additional element of agreement. The defendant must have "objectively manifested an agreement to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." [citation omitted]

Under *Phillips*, plaintiffs have sufficiently alleged a conspiracy agreement in which Coca Cola participated.

Coca Cola need not have committed two predicate acts itself, or agreed to commit two predicate acts itself. *United States v Driver,* 535 F3d. 424, 432-3 (6th Cir 2008). A conspiracy

8

allegation is sufficient if it alleges "that *someone* would commit two predicate acts." *Driver,* supra, emphasis by the court. Plaintiffs have alleged Coca Cola knew and agreed that Dr. DRouillard would write fraudulent reports and that Sedgwick would use them to fraudulently deny or cut off or settle cheaply claims for workers compensation benefits.

The proposed Second Amended Complaint (Second Revision) sufficiently alleges conspiracy by Coca Cola in violation of 18 USC 1962(d).

Under *Driver,* the conspiracy allegations in the earlier versions of the Second Amended Complaint were sufficient to allege a RICO conspiracy. Plaintiffs need not have made the additional allegations in second revision of the Second Amended Complaint. However, rather than argue the sufficiency of the earlier conspiracy language, plaintiffs now add allegations in response to Coca Cola's brief - adding suspenders even though they believe the belt was sufficient to hold up the conspiracy claim.

## II. THE SECOND AMENDED COMPLAINT (SECOND REVISION) ALLEGES AIDING AND ABETTING BY COCA COLA IN VIOLATION OF 18 USC §1962(c).

The original proposed Second Amended Complaint alleged:

32. AIDING AND ABETTING. Coke aided and abetted the predicate acts committed by the other defendants, because... (2) on information and belief, employees of Coke knew of the predicate acts planned by the defendants on behalf of Coke and permitted them to take place by silent or express approval, and by failing to stop the pattern of racketeering though it had knowledge of

9

>same. The identities of the Coke employees and the dates of their actions and the dates they learned of the planned predicate acts are not known to plaintiff.... The allegations of this paragraph are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

Coca Cola claims in its Brief that plaintiffs have not alleged actionable aiding and abetting, because they have not alleged Coca Cola committee "affirmative and intentional conduct by the alleged aider and abetter." This is not true, because plaintiffs alleged "employees of Coke knew of the predicate acts planned by the defendants on behalf of Coke and permitted them to take place by silent or express approval, and by failing to stop the pattern of racketeering though it had knowledge of same." Under *Driver*, supra, these are allegations of "assistance or encouragement" - Coke as self-insurer had authority to stop predicate acts, but it "permitted" the predicate acts to take place. This allegation suffices to allege "assistance or encouragement," and that is aiding and abetting under RICO.

However, in case this court believes these allegations are insufficient, plaintiffs seek to add this language in the proposed Second Amended Complaint (Second Revision):

>32 AIDING AND ABETTING:
>
>*.....Coca Cola and Sedgwick, through the actions of their employees involved in the handling of Michigan workers compensation claims, and Dr. Drouillard, agreed to participate in the commission of the predicate acts which are alleged in this complaint. These employees of Coca Cola and Sedgwick knew Dr. Drouillard and other "independent medical examiners" wrote reports which were used to deny or*

10

> *cut off workers compensation benefits, and knew Dr. Drouillard and other "independent medical examiners" were doctors who could be relied on to write a fraudulent report - finding a workers compensation claimant had no work-related disability regardless of the truth - yet these employees agreed to the use of Dr. Drouillard and others as "independent medical examiners," and to the use of their report to cut off or deny benefits, or to settle a claim for less than its true value due to the fraudulent reports of Dr. Drouillard and other fraudulent independent medical examiners, knowing that the mails and wires would be used in furtherance of this fraudulent scheme.*

Under *Driver,* supra, plaintiffs' aiding and abetting allegations are more than sufficient.

/s/ Marshall Lasser
Marshall Lasser PC, by
Marshall Lasser P25573
po box 2579
Southfield MI 48307
(248) 647 7722
mlasserlaw@aol.com
ddtalon@gmail.com

Dated: August 6, 2009

C:\wp51\DOCS\CocaColaRICO\MotionLeaveFileSecondRevisedSecondAmended.wpd