# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN

**CLIFTON E. JACKSON and**
**CHRISTOPHER M. SCHARNITZKE,**

Case No.: 2009-11529
Judge David M. Lawson

Plaintiffs, on behalf of themselves and other persons similarly situated

**PROOF OF SERVICE**

The undersigned certifies that this instrument, together with all referenced attachments was served on all parties to this case and/or their attorneys of record at their respective addresses as disclosed by the pleadings on __August 11, 2009__ by the following method(s):
[] U.S. Mail   [] Fax        [] Hand Delivered
[] Federal Express           [] UPS
[X] Other:    **ELECTRONICALLY EMAILED**

  /s/Delilah D. Talon
Signature of Serve

**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC, and COCA COLA ENTERPRISES, INC, foreign corporations, and DR. PAUL DROUILLARD,**
**Jointly and Severally,**

Defendants.

---

| | |
|---|---|
| MARSHALL LASSER P25573 | BUTZEL LONG |
| MARSHALL LASSER PC | By:   Daniel B. Tukel P34978 |
| Attorney for plaintiffs |       Lynn A. Sheehy P38162 |
| po box 2579 |       Katherine D. Goudie P62806 |
| Southfield MI 48037 | Attorneys for Defendant Dr. Drouillard |
| 248-647-7722 | 150 W. Jefferson, Ste. 100 |
| mlasserlaw@aol.com | Detroit, MI 48226 |
| ddtalon@gmail.com | 313-225-7000 |
| | tukel@butzel.com |
| | sheehy@butzel.com |
| Thomas W. Cranmer P25252 | goudie@butzel.com |
| Matthew F. Leitman P48999 | |
| Miller Canifield Paddock & Stone, P.L.C. | Kathleen H. Klaus P67207 |
| 840 West Long Lake Road, Ste. 200 | Maddin, Hauser, Wartell , Roth |
| Troy, MI 48098 |    & Heller, P.C. |
| 248-879-200 | Attorney for Sedgwick |
| cranmer@millercanfield.com | 28400 Northwestern Hwy., 3rd Fl |
| leitman@millercanfield.com | Southfield, MI 48034 |
| | 248-354-4030 |
| | khk@maddinhauser.com |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY TO COCA COLA'S REPLY BRIEF

**Motion**

Plaintiffs move under LR 7.1 for leave to file a brief reply to Coca Cola's reply.

**Brief**

The court may dispose of Coca Cola's motion in one of three ways: (1) deny it; (2) grant the motion, dismiss Coca Cola and certify under Rule 54(b) that the judgment is a final order, or (3) grant the motion and dismiss Coca Cola but not certify the dismissal as a final order under Rule 54(b).

The court should not dismiss Coca Cola for the reasons stated by plaintiffs in their response to Coca Cola's motion, and because dismissal options (2) and (3) are impractical.

Options (2) and (3) are impractical because

- discovery against Sedgwick will deeply involve Coca Cola, through depositions of Coca Cola employees who dealt with Sedgwick employees and the workers compensation defense attorneys, and through discovery of Coca Cola documents and emails pertaining to the workers compensation cases (none of which plaintiffs possess - these documents and emails *are in the exclusive possession of Coca Cola)*; Coca Cola and its attorneys will be up to their elbows in the defense of this case just as if Coca Cola had not been dismissed - they will be preparing responses to discovery requests, prepping witnesses for depositions, filing motions, and doing what lawyers do when they know their client may be brought back into the litigation.
- Evidence of fraud disclosed in that discovery may result in renewed claims against Coca Cola by the present plaintiffs, or by other workers whom discovery has disclosed were defrauded by Coca Cola. The present plaintiffs would then move to

        set aside the dismissal of their claims against Coca Cola, and new plaintiffs would sue Coca Cola.

- If this court certifies the dismissal of Coca Cola as a final judgment, plaintiffs will appeal while the case continues against Sedgwick; if depositions of Coca Cola employees and Coca Cola emails and documents reveals evidence of fraud by Coca Cola - evidence in the exclusive possession of Coca Cola - plaintiffs will present this newly discovered evidence to this the court and or to the court of appeals while the appeal is pending in that court and it is highly likely that court would reverse the dismissal or would remand the case to this court for reconsideration of the dismissal in light of the newly discovered evidence.  What a mess!  What a waste of judicial resources!

- Depositions of Coca Cola employees taken while the case continues against Sedgwick only may have to be redone if and when Coca Cola is brought back into this suit, to be fully useable by plaintiffs at trial.

On practical grounds, this court should deny Coca Cola's motion.  Legal grounds direct denial, as stated in plaintiffs' response.

### Coca Cola Argues for Preemption

Coca Cola states in I and II of its reply that the Michigan legislature's decision not to allow suits against insurers who fraudulently deny workers compensation claims prevents plaintiffs from bringing RICO claims that Coca Cola and its adjuster Sedgwick fraudulently denied their workers compensation claims.  This is an argument for preemption.  Coca Cola does not use the word "preemption" but the only federal authority Coca Cola cited is *Danielson v Burnside-Ott Aviation*

*Training Center, Inc,* 941 F 2d 1220, 1229, which held that a fraud claim brought under RICO was preempted by another federal statute. (The *Danielson* court was not sure whether to use the word "preempt" but said that word fit the issue before it.)

*Danielson* is not relevant. *Danielson* involved the Service Contract Act (SCA), a federal statute. The court held Congress had decided the SCA provided an exclusive remedy for plaintiffs. Congress has made so such decision here.    It has not decided Michigan's Workers Disability Compensation Act is plaintiffs' exclusive remedy.

Moreover, *Brown* disposes of Coke's argument.   *Brown* is the only case on point. Brown is the only decision on the issue involved here. *Brown* and *Brown* alone addresses whether a workers compensation claimant may sue self-insured employers and their adjusters under RICO for fraudulent denial of workers compensation benefits. Although *Brown* involved McCarran-Ferguson reverse preemption, *Brown's* reasons sweep away Coca Cola's arguments. The court of appeals held the WDCA is not "comprehensive" and "exclusive," and does not prevent the bringing of a RICO claim for *fraudulent* denial of benefits:

> ...we note that RICO is also saved from reverse preemption under the McCarran-Ferguson Act because RICO would not 'invalidate, impair or impede' the WDCA. RICO would not invalidate or supersede the WDCA because RICO would not "render [the WDCA] ineffective" given that those subject to these laws can comply with both simultaneously. *See Humana*, 525 US at 307, 119 Sc. Ct. 710.... The question remains whether RICO would "impair" the WDCA. In construing the term "impair," the Supreme Court explained that "[w]hen federal law does not directly conflict with state regulation, and when application of the federal law would not frustrate any declared state policy or interfere with a State's administrative regime, the McCarran-Ferguson Act does not preclude its application." *Id*, at 310, 119 S Ct 710.
> The WDCA bars and imposes sanctions on the denial of benefits to which employees are legally entitled. MICH. COMP LAWS §§418.631, 418.801. A RICO claim here would also act to punish the improper denial of benefits if done as part of a pattern of racketeering activity. "To the extent that the [state] law prohibited practices also prohibited under federal law," the federal law does not "frustrate a goal

> of [the state] law." *Humana [Inc v Forsyth*, 525 US 299, 119 S Ct 710, 142 L Ed 2d 753 (1999)], 525 US at 310-11, 119 S Ct 710 (internal quotation marks omitted). Moreover, the federal interest in protecting individuals against a pattern of racketeering activity based on fraud is "perfectly compatible" with the state interest in providing a certain remedy for employees who have suffered workplace injuries. *Id*, at 311, 119 S Ct 710.
>
> \*\*\*\*
>
> ....the WDCA provision regarding sanctions for failure to pay benefits does not appear to contemplate the *fraudulent* denial of workers compensation benefits.

*Brown* noted that the State of Michigan had not filed an amicus brief at any time in the five years *Brown v Cassens* has been pending in the federal courts. Significantly, the State declined to file a brief in support of the *Brown* defendants' for certiorari for review of their claim that the McCarran-Ferguson Act reverse preempted the plaintiffs' RICO suit. (Plaintiffs' reply brief mis-stated the Supreme Court case number; it is 08-1375; the clerk can verify Michigan has not filed in support of the petition.)

The RICO Act is to be constructed liberally, in favor of plaintiffs, to effectuate its remedial intent.

> In a portion of the statute that remains uncodified, Congress directed that RICO "shall be liberally interpreted to effectuate its remedial purposes." Section 401(a) of Pub. L. No 91-452, 84 Stat. 947, 18 USC 1961 note.
>
> *Civil Rico,* by Smith and Reed, Lexis-Nexis, para. Section 1.02, page 1-8.

Liberal construction shall be applied with special vigor to section 1964 of RICO, which provides for the civil remedy sought by this suit: "... if Congress' liberal-construction mandate is to be applied anywhere, it is in §1964, where RICO's remedial purposes are most evident." *Sedima, SPRL v Imrex Co,* 473 US 479 at 491 n. 10, 105 S Ct 3275 at 3283 n. 10, 87 L Ed 2d at 360 (1985)

Coca Cola's motion should be denied.

/s/ Marshall Lasser
Marshall Lasser PC, by
Marshall Lasser P25573
po box 2579
Southfield MI 48307
(248) 647 7722
mlasserlaw@aol.com
ddtalon@gmail.com

Dated: August 11, 2009

C:\wp51\DOCS\CocaColaRICO\MotionLeaveFileReplyCocaColaReply.wpd