UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON E. JACKSON and
CHRISTOPHER M. SCHARNITZKE,

    Plaintiffs,

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,
COCA-COLA ENTERPRISES, INC. and
DR. PAUL DROUILLARD,

    Defendants.

Case No: 09-cv-11529

The Honorable David M. Lawson

Magistrate Judge Virginia M. Morgan

_____/

Marshall D. Lasser (P25573)
Marshall D. Lasser, P.C.
P.O. Box 2579
Southfield, Michigan 49037
Telephone: (248) 647-7722
mlasserlaw@aol.com
*Attorneys for Plaintiffs*

Thomas W. Cranmer (P25252)
Matthew F. Leitman (P48999)
Miller Canfield Paddock & Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, Michigan 48098
Telephone: (248) 879-2000
cranmer@millercanfield.com
leitman@millercanfield.com
*Attorneys for Defendant Coca-Cola Enterprises, Inc.*

Daniel B. Tukel (P34978)
Lynn A. Sheehy (P38162)
Katherine D. Goudie (P62806)
Butzel Long
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
tukel@butzel.com
sheehy@butzel.com
goudie@butzel.com
Telephone: (313) 225-7000
*Attorneys for Defendant Dr. Paul Drouillard*

Kathleen H. Klaus (P67207)
Maddin, Hauser, Wartell, Roth & Heller, P.C.
28400 Northwestern Highway, 3rd Floor
Southfield, Michigan 48034
khk@maddinhauser.com
Telephone: (248) 354-4030
*Attorneys for Defendant Sedgwick Claims Management Services, Inc.*

_____/

**DEFENDANT COCA-COLA ENTERPRISES' RESPONSE IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (SECOND REVISION)**

BHLIB:670722.3\108128-00008

Defendant Coca-Cola Enterprises, Inc. ("Coke"), for its response to Plaintiffs' Amended Motion for Leave to File Second Amended Complaint (Second Revision), says as follows:

1. For the reasons explained in detail in the supporting brief, Coke respectfully requests that this Court deny leave to amend and that the Court dismiss the Complaint and require Plaintiffs to pay Coke's fees and costs in responding Plaintiffs' many requests to amend. (Coke is not seeking fees nor costs related to that portion of Plaintiffs' motion to amend in which Plaintiffs agree to dismiss their claims that Coke violated 18 U.S.C. 1962(a) & (b).) Alternatively, Coke asks the Court to deny leave to amend for the time being and to abstain under the *Burford* doctrine.

WHEREFORE, Coke asks this Court to enter an order denying Plaintiffs leave to further amend their Complaint, dismissing all of Plaintiffs' claims against Coke with prejudice, and awarding Coke its fees, costs, and all other relief deemed appropriate. In the alternative, Coke asks the Court to deny leave to amend for the time being and to abstain under the *Burford* doctrine.

    Respectfully submitted,

    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

    By:    s/Matthew F. Leitman
        Thomas W. Cranmer (P25252)
        Matthew F. Leitman (P48999)
        Miller Canfield Paddock & Stone, P.L.C.
        840 West Long Lake Road, Suite 200
        Troy, Michigan 48098
        Telephone: (248) 879-2000
        cranmer@millercanfield.com
        leitman@millercanfield.com
        *Attorneys for Defendant Coca-Cola Enterprises, Inc.*

Dated: August 21, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON E. JACKSON and
CHRISTOPHER M. SCHARNITZKE,            Case No: 09-cv-11529

    Plaintiffs,                                  The Honorable David M. Lawson

v.                                     Magistrate Judge Virginia M. Morgan

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,
COCA-COLA ENTERPRISES, INC. and
DR. PAUL DROUILLARD,

    Defendants.

_____/

| | |
|---|---|
| Marshall D. Lasser (P25573) | Daniel B. Tukel (P34978) |
| Marshall D. Lasser, P.C. | Lynn A. Sheehy (P38162) |
| P.O. Box 2579 | Katherine D. Goudie (P62806) |
| Southfield, Michigan 49037 | Butzel Long |
| Telephone: (248) 647-7722 | 150 W. Jefferson, Suite 100 |
| mlasserlaw@aol.com | Detroit, Michigan 48226 |
| *Attorneys for Plaintiffs* | tukel@butzel.com |
| | sheehy@butzel.com |
| Thomas W. Cranmer (P25252) | goudie@butzel.com |
| Matthew F. Leitman (P48999) | Telephone: (313) 225-7000 |
| Miller Canfield Paddock & Stone, P.L.C. | *Attorneys for Defendant Dr. Paul Drouillard* |
| 840 West Long Lake Road, Suite 200 | |
| Troy, Michigan 48098 | Kathleen H. Klaus (P67207) |
| Telephone: (248) 879-2000 | Maddin, Hauser, Wartell, Roth & Heller, P.C. |
| cranmer@millercanfield.com | 28400 Northwestern Highway, 3rd Floor |
| leitman@millercanfield.com | Southfield, Michigan 48034 |
| *Attorneys for Defendant Coca-Cola* | khk@maddinhauser.com |
| *Enterprises, Inc.* | Telephone: (248) 354-4030 |
| | *Attorneys for Defendant Sedgwick Claims* |
| | *Management Services, Inc.* |

_____/

**BRIEF IN SUPPORT OF DEFENDANT COCA-COLA ENTERPRISES' RESPONSE IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (SECOND REVISION)**

## STATEMENT OF ISSUES PRESENTED

I. Plaintiffs seek leave to file yet another different version of their Complaint against Defendant Coca-Cola Enterprises, Inc. ("Coke"). None of the newest proposed amendments save Plaintiffs' claims against Coke. Indeed, for all of the reasons set forth in the motions to dismiss filed by all three Defendants, all of Plaintiffs' claims fail as a matter of law – even with the proposed amendments. Should this Court deny leave to amend and compel Plaintiffs' to pay Coke's fees and costs in responding to Plaintiffs' flood of motions for leave to amend?

        Coke says:    YES

II. In the alternative, should this Court deny leave to amend at this time because an abstention under the *Burford* doctrine is appropriate?

        Coke says:    YES

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Ayres v. General Motors Corp.,* 234 F.3d 514 (11th Cir. 2000)

*Danielsen v. Burnside-Ott Aviation*, 746 F. Supp. 170 (D.D.C. 1990),
    aff'd 941 F.2d 1220 (D.C.Cir. 1991)

*Saginaw Housing Comm'n v. Bannum, Inc*., __ F.3d __ (6th Cir., August 17, 2009),

*United States v. Driver*, 535 F.3d 424 (6th Cir. 2008)

## INTRODUCTION

Plaintiffs' latest motion to amend stretches the liberal standards for amending pleadings far beyond their breaking point. The Federal Rules of Civil Procedure simply do not allow a plaintiff to file an unending stream of proposed amendments every time one defendant in a multi-defendant case points out a flaw in the then-operative Complaint. Yet that is exactly what the Plaintiffs here have done. They have filed and/or proposed to file several amended Complaints – all before the Court has had an opportunity to assess the viability of the claims (i) in the First Amended Complaint (which is the currently-operative Complaint) and/or (ii) in the other amended Complaints proposed by Plaintiffs. And every time that one of the Defendants highlights the flaws in the Plaintiffs' pleadings, Plaintiffs simply "go back to the drawing board" and gin up another version of the Complaint.

Each revised Complaint is just as flawed as the earlier versions. For instance, the latest proposed revision purports to cure defects in Plaintiffs' conspiracy and aiding and abetting claims against Coke. But the proposed revisions actually perpetuate the flaws in these claims. Even with the proposed revisions, the conspiracy claim still fails to allege that Coke agreed to commit acts that violate the RICO statute, and the aiding and abetting claim contains no allegations that Coke actively supported or encouraged mail or wire fraud. Simply put, the proposed amendments are futile and should not be permitted because – for the reasons explained in all three Defendants' motions to dismiss – all of Plaintiffs' claims would be subject to dismissal even if the latest amendments were allowed. Moreover, the proposed amendments are futile because even with the amendments, the proper course of action here (if the Court chose not to dismiss) would be to abstain under the *Burford* abstention doctrine – a point underscored by the Sixth Circuit's recent decision in *Saginaw Housing Comm'n v. Bannum, Inc.*, __ F.3d __ (6th Cir., August 17, 2009), Slip Op. attached as Ex. A.

Coke respectfully requests that the Court enter an order dismissing the Complaint, denying leave to amend, and requiring Plaintiffs to pay Coke's costs and fees in responding to all of Plaintiffs' motions to amend. Alternatively, Coke asks the Court to deny leave to amend and to abstain under the *Burford* doctrine.

### I. PLAINTIFFS' LATEST PROPOSED COMPLAINT STILL FAILS TO STATE A VIABLE RICO CONSPIRACY CLAIM AGAINST COKE

In Coke's earlier filings, it demonstrated that Plaintiffs' RICO conspiracy claim fails as a matter of law because Plaintiffs have not alleged that Coke agreed to commit any conduct that would be actionable as a substantive RICO violation. More specifically, Coke showed that the conduct it allegedly agreed to commit is not actionable under RICO because (1) Plaintiffs' cannot use the RICO statute as an "end run" around the exclusive and comprehensive procedures and remedies established by Michigan's Workers Disability Compensation Act ("WDCA") and (2) Defendants' alleged violation of the duties created by the WDCA – even if fraudulent – does not give rise to RICO liability. (*See* Coke's Brief in Support of Motion to Dismiss at pp. 6-7; 11-14, *citing*, inter alia, *Danielsen v. Burnside Ott-Aviation*, 746 F.Supp. 170 (D.D.C. 1991), aff'd 941 F.2d 1220 (D.C. Cir. 1992) and *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000)). Plaintiffs' latest proposed amendments to their Complaint do not rebut Coke's showing that its alleged misconduct does not amount to a RICO violation. Instead, Plaintiffs' proposed amendments simply describe the alleged conspiracy in a bit more detail. But because the additional detail does not describe an agreement by Coke to commit conduct that would be actionable as a substantive violation of RICO, the proposed amendments would be futile.

## II. PLAINTIFFS HAVE STILL FAILED TO PLEAD A VIABLE AIDING AND ABETTING THEORY AGAINST COKE

In Coke's earlier filings, it demonstrated that Plaintiffs' aiding and abetting theory failed because, among other things, Plaintiffs failed to plead that Coke actively assisted and/or encouraged any other Defendant to commit a pattern of predicate acts. (See Coke's Brief in Opposition to Plaintiffs' Motion For Leave to File Second Amended Complaint at 6-7, *citing United States v. Drive*r, 535 F.3d 424, 432-33 (6th Cir. 2008).) Plaintiffs' latest proposed Complaint still lacks sufficient aiding and abetting allegations against Coke. Plaintiffs allege only that Coke "agreed" to rely on reports written by doctors whom Coke "knew" would commit fraud; nowhere do Plaintiffs allege that Coke assisted in the preparation of allegedly fraudulent reports. (*See* latest proposed Complaint at ¶32.) Plaintiffs' allegations fall far short of the active assistance and participation standard described by the Sixth Circuit in *Driver*.

## III. SEDGWICK'S MOTION TO DISMISS HIGHLIGHTS ADDITIONAL FUNDAMENTAL FLAWS IN PLAINTIFFS' CLAIMS AND UNDERSCORES THAT THERE IS NO BASIS TO ALLOW PLAINTIFFS TO AMEND THEIR COMPLAINT AND PROSECUTE THIS ACTION

Sedgwick's recently-filed motion to dismiss highlights a host of additional fundamental flaws in Plaintiffs' claims. (*See* Sedgwick's Motion, Docket No. 39, at ¶¶3-5.) Coke adopts Sedgwick's arguments. The flaws noted by Sedgwick are not in any way cured by the latest proposed amendments. Thus, the amendments are futile and should not be permitted.

## IV. THE SIXTH CIRCUIT'S LATEST DECISION CONCERNING THE *BURFORD* ABSTENTION DOCTRINE CONFIRMS THAT PLAINTIFFS' PROPOSED AMENDMENTS ARE FUTILE AT THIS TIME

In Defendant Paul Drouillard's motion to dismiss, Dr. Drouillard showed that under the *Burford* abstention doctrine[1], the Court should abstain from taking any further action in this case

---

[1] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

at this time. Coke adopted Dr. Drouillard's *Burford* abstention arguments in its own motion to dismiss.

The Sixth Circuit's recent decision in *Saginaw Housing Comm'n v. Bannum, Inc.*, __ F.3d __ (6th Cir., August 17, 2009), Slip Op. attached as Ex. A, confirms that this Court should abstain under *Burford*. In *Saginaw Housing Comm'n*, the Sixth Circuit held that the district court should not have abstained under *Burford* where the controversy concerned a *municipal* ordinance. But the court stressed that a *Burford* abstention *is* appropriate where "federal involvement would disrupt a coherent *state* policy." Slip Op., Ex. A, at 8-9 (citing numerous Sixth Circuit decisions affirming *Burford* abstentions) (emphasis added). The court also emphasized that "in most cases in which we have applied *Burford*, the creation of a [state] agency to promulgate and administer the state policy has served as evidence of the state's level of concern and of its desire for uniform application of the policy." *Id*. at 10.

As set forth in detail in all of the Defendants' motions to dismiss, the Michigan Legislature has established a comprehensive state administrative framework to administer workers compensation claims and has established a policy of limited liability for workers compensation insurers. The Michigan workers compensation system is thus precisely the sort of state system that *Burford* protects from federal interference.

Plaintiffs' proposed amendments would not in any way change the need for the Court to abstain under *Burford*, and for that additional reason the amendments are futile (at least for now). Assuming that the Court does not deny leave to amend outright for the reasons set forth above, the Court should deny the motion to amend for the time being while it abstains under *Burford* and stays the action pending completion of the state administrative proceedings.

## CONCLUSION AND RELIEF REQUESTED

Plaintiffs' latest proposed amendments to their Complaint do not remedy the fundamental flaws in Plaintiffs' RICO and RICO conspiracy claims and, accordingly, should not be permitted. Moreover, Plaintiffs should be required to pay Coke's fees and costs in responding to Plaintiffs' unending and improper motions to dismiss. Alternatively, the Court should deny leave to amend for the time being and abstain under the *Burford* doctrine.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:   s/Matthew F. Leitman
      Thomas W. Cranmer (P25252)
      Matthew F. Leitman (P48999)
      Miller Canfield Paddock & Stone, P.L.C.
      840 West Long Lake Road, Suite 200
      Troy, Michigan 48098
      Telephone: (248) 879-2000
      cranmer@millercanfield.com
      leitman@millercanfield.com
      *Attorneys for Defendant Coca-Cola Enterprises, Inc.*

Dated: August 21, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2009, I electronically filed the foregoing document, with the Clerk of the court using the ECF system which sent notification of such filing to the following:

- **Katherine D. Goudie:** goudie@butzel.com, ponce@butzel.com
- **Kathleen H. Klaus:** khk@maddinhauser.com, dxa@maddinhauser.com
- **Marshall D. Lasser:** mlasserlaw@aol.com, ddtalon@gmail.com
- **Lynn A. Sheehy:** sheehy@butzel.com, skarbek@butzel.com
- **Daniel B. Tukel:** tukel@butzel.com, bobak@butzel.com

and hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

None.

Dated: August 21, 2009          s/Matthew F. Leitman
                                Thomas W. Cranmer (P25252)
                                Matthew F. Leitman (P48999)
                                Miller Canfield Paddock & Stone, P.L.C.
                                840 West Long Lake Road, Suite 200
                                Troy, Michigan 48098
                                Telephone: (248) 879-2000
                                cranmer@millercanfield.com
                                leitman@millercanfield.com
                                *Attorneys for Defendant Coca-Cola Enterprises, Inc.*