UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON E. JACKSON and
CHRISTOPHER M. SCHARNITZKE,

    Plaintiffs, on behalf of themselves
and other persons similarly situated,

v.

SEGWICK CLAIMS MANAGEMENT SERVICES, INC.,
and COCA COLA ENTERPRISES, INC., foreign
corporations, and DR. PAUL DROUILLARD,
jointly and severally,

    Defendants.

Case No. 09-11529

Hon. David M. Lawson

---

MARSHALL LASSER, P.C.
By:    Marshall Lasser (P25573)
P.O. Box 2579
Southfield, Michigan 49037
(248) 647-7722
**Attorney for Plaintiffs**

MILLER CANFIELD PADDOCK
  and STONE, P.L.C.
By:    Thomas W. Cranmer (25252)
        Matthew F. Leitman (P48999)
840 W. Long Lake Road, Suite 200
Troy, Michigan 48098
(248) 879-2000
**Attorneys for Defendant**
**Coca-Cola Enterprises, Inc.**

BUTZEL LONG
By:    Daniel B. Tukel (P34978)
        Lynn A. Sheehy (P38162)
        Katherine D. Goudie (P62806)
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000
**Attorneys for Defendant**
**Dr. Paul Drouillard**

MADDIN, HAUSER, WARTELL
  ROTH & HELLER, P.C.
By:    Kathleen H. Klaus (P67207)
28400 Northwestern Hwy., 3rd Floor
Southfield, Michigan 48034
(248) 354-4030
**Attorneys for Defendant**
**Sedgwick Claims Management**
**Services, Inc.**

---

**DEFENDANT DR. PAUL DROUILLARD'S RESPONSE TO**
**PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT (SECOND REVISION)**

# TABLE OF CONTENTS

Statement of the Issue Presented……………………………………………...…………ii

Controlling or Most Appropriate Authority……………………………………………iii

Index of Exhibits…………………………………………………………………………iv

Introduction……………………………………………………………………………...1

Argument………………………………………………………………………………...2

    I.    Standard of Review…………………………………………………………..2

    II.    It Would Be Futile to Allow Plaintiffs to File a Second Amended Complaint (Second Revision) Because Dr. Drouillard Cannot Be Liable for His Medical Opinion Reached in the IME, and the Proposed Amendment Does Nothing to Change That……………………..3

    III.    Plaintiffs' Proposed Amendments Do Not Satisfy the RICO Pleading Requirements of Boyle……………………………………………5

    IV.    Plaintiffs' Proposed Amendments Still Do Not Allege Sufficient Facts to Survive a Motion to Dismiss……………………………………….7

Conclusion……………………………………………………………………………10

## STATEMENT OF THE ISSUE PRESENTED

Should plaintiffs' Amended Motion for Leave to File a Second Amended Complaint (Second Revision) be denied when the proposed amendment is futile in that Dr. Drouillard would still be entitled to dismissal because the witness immunity doctrine and other precedent precludes any liability against him, and because the proposed amendment still fails to state an actionable RICO claim?

Plaintiffs answer:               No

Defendant Dr. Drouillard answers:   Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Cases:**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Berger v. Edgewater Steel Co.*, 911 F.2d 911 (3rd Cir. 1990)

*Boyle v. United States*, 129 S. Ct. 2237 (2009)

*Briscoe v. LaHue*, 460 U.S. 325 (1983)

*Foman v. Davis*, 371 U.S. 178 (1962)

*Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419 (6th Cir. 1999)

*Kahn v. Burman*, 673 F. Supp. 210 (E.D. Mich. 1987)

*Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994)

*Morgan v. DaimlerChrysler*, 546 F. Supp. 2d. 496 (E.D. Mich. 2008)

*Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037 (6th Cir. 1991)

*Svoboda v. Trane Co.*, 655 F2d 898 (8th Cir. 1981)

**Court Rules:**

Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 15(a)

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## INDEX OF EXHIBITS

Exhibit A     Transcript of 8/21/09 hearing in *Ashley Hall v State Farm et. al.*, Wayne County Circuit Court Case No. 09-009487-NF, Hon. Robert J. Colombo, Jr.

# INTRODUCTION

It is almost impossible to keep track of the multiple versions of the Complaint on which plaintiffs wish to proceed. Each time one of the defendants files a motion to dismiss or responds to one of plaintiffs' motions to amend, plaintiffs simply seek leave to further amend their complaint in an attempt to defeat the latest motion. Plaintiffs now request leave to file yet another version, their *Revised* Second Amended Complaint (Second Revision).

Notwithstanding the generally liberal standards for allowing amendments, this Court should deny Plaintiffs' Amended Motion because the proposed revised Second Amended Complaint (Second Revision) as submitted is futile for two different reasons: First, the Witness Immunity Doctrine, the *Morgan* and *Dyer* cases and all of the public policy that supports the doctrine and cases preclude liability against Dr. Drouillard for the conclusions he reached in conducting an IME. The proposed amended complaint does nothing to change that. Second, for a number of reasons the proposed amended complaint still fails to state a valid RICO claim against Dr. Drouillard, and if leave to amend the complaint were granted he would still be entitled to dismissal.[1] Accordingly, Dr. Drouillard respectfully requests that Plaintiffs' Amended Motion for Leave to File *Revised* Second Amended Complaint (Second Revision) be denied.

---

[1] For efficiency purposes, Dr. Drouillard incorporates the arguments of the other defendants' motions to dismiss. In addition, Dr. Drouillard has prepared multiple Responses to the various Motions for Leave to Amend filed by Plaintiffs. However, each time before Dr. Drouillard could file his Response to those multiple motions, plaintiffs sought leave to revise the complaint again. Accordingly, Dr. Drouillard submits this Response as a Response to the multiple motions for leave filed by plaintiffs.

- 1 -

# ARGUMENT

## I. Standard of Review

Fed. R. Civ. P. 15(a) provides that once a responsive pleading has been filed, a party may amend a pleading "only by leave of court." Further, while Fed. R. Civ. P. 15(a) requires that "leave shall be freely given when justice so requires," there are a number of reasons that leave to amend is properly denied. Leave to amend should be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of the amendment*, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added). Futility of the proposed amendment has long been recognized as a proper basis to deny a motion to amend. *See, e.g., Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991); *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419 (6th Cir. 1999). A proposed amendment is futile, and leave should be denied, where the complaint as amended would not withstand a motion to dismiss. *Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994).

Here, if the Court allowed plaintiffs to file their *Revised* Second Amended Complaint (Second Revision), this newest version of the Complaint still fails to state a viable RICO claim and would be subject to dismissal. In addition, the Witness Immunity Doctrine and the Medical Malpractice Act bar the proposed claim (and the currently pending claim) against Dr. Droulliard. Accordingly, an amendment should not be allowed, and plaintiffs' motion should be denied.

**II.   It Would Be Futile to Allow Plaintiffs to File a Second Amended Complaint (Second Revision) Because Dr. Drouillard Cannot Be Liable for His Medical Opinion Reached in the IME, and the Proposed Amendment Does Nothing to Change That**

As a matter of law, and as fully discussed and briefed in Dr. Drouillard's Motion to Dismiss and Dr. Drouillard's Reply to Plaintiffs' Response to that Motion, Dr. Drouillard is immune, under the Witness Immunity Doctrine, from civil liability for claims relating to his testimony, medical reports, and examinations. *See Kahn v. Burman*, 673 F. Supp. 210 (E.D. Mich. 1987), *aff'd* 878 F.2d 1436 (6th Cir. 1989); *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983). Nothing in the plaintiffs' proposed amendments defeats – or even addresses – this bar.

Furthermore, the issue of an IME physician's liability was also considered by this Court in *Morgan v. DaimlerChrysler*, 546 F. Supp. 2d. 496 (E.D. Mich. 2008). In that case, Morgan brought a variety of claims, including a claim against the physician who had performed a medical exam at the company's request. Morgan claimed the physician's report contained erroneous conclusions which ultimately contributed to Morgan losing her job. The Court dismissed the claim against the physician. In dismissing the claim, Judge Rosen found that "any possible recovery" against the physician was "foreclosed," stating:

> First, since he performed an IME at the behest of a third party, DaimlerChrysler, *he cannot be held liable to Plaintiff for any damages resulting from his conclusions* that Plaintiff suffered from severe emotional illness and was unfit to return to work.

*Id.* at 508 (emphasis added). In dismissing the claims against the IME doctor, Judge Rosen relied on the Michigan Supreme Court's decision in *Dyer v. Tractman*, 470 Mich. 45; 679 N.W.2d 311 (2004). In language relied upon by Judge Rosen in *Morgan*, the *Dyer* Court

noted that apart from a medical malpractice claim based on physical injuries allegedly caused by a negligently performed examination, "[t]he IME physician, acting at the behest of a third party, *is not liable to the examinee for damages resulting from the conclusions that the physician reaches or reports.*" *Id.* at 50 (emphasis added).

The *Dyer* Court specifically held that the only potential claim against an IME physician would be one based on medical malpractice, and then only if the claim was that the examinee had been physically injured during the examination because the examination itself was negligently performed. If such a claim were alleged, all of the procedural prerequisites for proceeding with a medical malpractice action would need to be complied with, to avoid undermining the Medical Malpractice Act, M.C.L. 600.2912b(1). There is no allegation here that Dr. Drouillard caused a physical injury to any plaintiff examined by Dr. Drouillard during the IME, nor have any of the procedural prerequisites for making such a claim been met.[2] Accordingly, Dr. Drouillard would still be entitled to dismissal of the claims against him even if the proposed amendments were permitted, because plaintiffs' proposed amendments do not address the witness immunity and medical malpractice bar afforded to Dr. Drouillard.

---

[2] In an attempt to plead an enterprise in which Dr. Drouillard could possibly be a member, plaintiffs now attempt to claim Dr. Drouillard's medical practice as an independent enterprise for purposes of this action. This proposed amendment is only for purposes of attempting to state a viable RICO claim. Plaintiffs allege: "In doing IMEs and in giving related depositions, in this case and other cases, Dr. Drouillard violated duties arising under his medical licenses, oaths and standards . . ." (Proposed Second Amended Complaint ¶ 18A.) This proposed amendment does nothing to defeat the liability bar discussed in *Morgan* and *Dyer*. Not only is there no claim that Dr. Drouillard caused a physical injury during any IME, none of the procedural requirements for making such an allegation have been met and this last minute addition is also futile and barred by the Medical Malpractice Act.

On August 21, 2009, Judge Colombo in Wayne County Circuit Court, relying on both *Dyer* and *Morgan*, and the policy reasons underlying the witness immunity doctrine, dismissed Dr. Drouillard from a lawsuit in which State Farm Insurance Company was also named. That case, like this case, involved a claim against Dr. Drouillard which was based on the plaintiff's disagreement with his medical opinion expressed in an IME. While the theory was different, that plaintiff too claimed that Dr. Drouillard's expressed opinion was preordained and simply an attempt to satisfy the insurance company so that it could discontinue benefits. Dr. Drouillard proffered the same arguments for immunity and dismissal that are proffered here. That case, like this one, involved Dr. Drouillard's medical opinion about the plaintiff's orthopedic condition, following an IME conducted ***before*** any lawsuit was filed. Indeed, in that case the IME was conducted not for purposes of litigation or potential litigation, but rather to determine plaintiff's eligibility for no-fault insurance benefits. All claims against Dr. Drouillard were dismissed in their entirety. The transcript of that hearing is attached as Exhibit A.

The proposed amendments are futile and leave should be denied.

### III. Plaintiffs' Proposed Amendments Do Not Satisfy the RICO Pleading Requirements of *Boyle*

There is a second separate and independent reason that the proposed amendments are futile, they still fail to state actionable RICO claims. Dr. Drouillard adopts and incorporates the arguments of co-defendants Coca-Cola and Sedgwick regarding the reasons that the proposed amendments are futile and fail to state claims.

Plaintiffs allege in the brief attached to Plaintiffs' Motion for Leave to File Second Amended Complaint (the Brief filed on July 17, 2009), that amendments are necessary to

- 5 -

adequately plead "enterprise" in response to the new Supreme Court decision, *Boyle v. United States*, 129 S. Ct. 2237 (2009). However, plaintiffs' *Revised* Second Amended Complaint (Second Revision) falls far short of the pleading requirements established in *Boyle*. The Supreme Court in *Boyle* addressed the specific question of whether an association-in-fact enterprise must have an ascertainable structure beyond that inherent in the pattern of racketeering activity in which it engages. The Supreme Court agreed that an association-in-fact enterprise must have a "structure." While the Supreme Court noted that such a group need not have a formal hierarchical structure or a "chain of command," it did note that it still must have some form of structure. The Court stated that decisions by the structure may be made on an ad hoc basis and by any number of methods—by majority vote, consensus, a show of strength, etc.

*Boyle* does not support plaintiffs' proposed amendments. The *Revised* Second Amended Complaint (Second Revision) does not allege that Dr. Drouillard had *any* involvement in the actual decision to terminate or deny workers compensation benefits. After Dr. Drouillard rendered his medical opinion, he had no say in whether benefits were allowed or denied. Moreover, the actual decision makers had not only Dr. Drouillard's medical opinion, but also the reports of all the other doctors and treaters. The decision makers reviewed the facts and opinions, and then made the decision. Indeed, Dr. Drouillard was not even informed what final decision was made. He simply was not part of the "structure" required by *Boyle* and there is no allegation in the *Revised* Second Amended Complaint (Second Revision) to the contrary.

## IV. Plaintiffs' Proposed Amendments Still Do Not Allege Sufficient Facts to Survive a Motion to Dismiss

Plaintiffs' latest proposed version of their Complaint is an attempt at responding to the various motions to dismiss already pending. All of the alleged facts were known to the plaintiffs when the Complaint and First Amended Complaints were filed. Denial of leave to amend is appropriate when the facts on which the proposed amendment is based were previously known to the party seeking to amend. *See, e.g., Svoboda v. Trane Co.*, 655 F.2d 898 (8th Cir. 1981) (upholding denial of motion to amend when, among other things, facts upon which the motion was based were previously known to plaintiff); *Berger v. Edgewater Steel Co.*, 911 F.2d 911 (3rd Cir. 1990), *cert. den.*, 499 U.S. 920 (1991) (reaching same result as *Svoboda*). Dr. Drouillard and the other defendants went to great expense to prepare and file their Motions to Dismiss. Plaintiffs should not be allowed to repeatedly add and change alleged facts to survive these motions, particularly where the alleged "facts" upon which the proposed amendments are based were all known to plaintiffs when the original Complaint was filed. If this latest amendment is allowed, it will not only be futile, but it will require the defendants to spend additional money to file new motions to dismiss.

The Supreme Court has recently clarified the pleading standard necessary to avoid dismissal, a standard plaintiffs fail to meet in the proposed amendments. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court stated that sufficient *facts* must be alleged to state a claim which is not only possible, but plausible:

> To survive a motion to dismiss, ***a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."*** A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (emphasis added). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss."

When the actual allegations are examined, it is clear that plaintiffs do not have specific or reliable facts on which to base these newest allegations, but are simply guessing at what they claim may have happened. For example, the proposed addition to paragraph 31(A) on page 23 states: "On **or** about Jan, 6, 2009 . . . when in a phone conversation and **or** a facsimile communication. . . ." (Emphasis added). It is clear that plaintiffs are simply guessing WHEN and HOW (and defendant contends, if) any alleged violation took place. There are multiple places in plaintiffs' proposed Second Amended Complaint (Second Revision) where the word "or" is used, establishing that plaintiffs have merely guesswork and conjecture, and not facts, to justify the proposed amendments. Indeed, in proposed paragraph 31(C) on page 29, plaintiffs' allegations establish they do not know WHEN, HOW, WHO, **or** WHERE any alleged fraud was committed OR whether it was mail or wire fraud: "[O]n **or** about April, 17, 2007 when they communicated by mail **or** wire . . . .Dr. Drouillard, **or** the person at . . .Warren, MI, **or** Garden City, MI . . . ." (Emphasis added). Plaintiffs' constant use of the word "**or**," establishes that plaintiffs are, at best, simply guessing. With this guesswork, plaintiffs attempt to turn the standard set forth by *Ashcroft* on its head.

Furthermore, Fed. R. Civ. P. 9(b) requires "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiffs' alleged

RICO activity involves either mail **or** wire fraud. It is clear, based upon a review of the various versions of plaintiffs' complaints that plaintiffs do not know WHEN, HOW, WHO, or WHERE any alleged fraud was committed OR whether it was mail or wire fraud. This simply fails to satisfy the pleading requirements of Fed. R. Civ. P. 9(b).

Plaintiffs further state that "Additional Allegations Concerning the Pattern of Racketeering by Dr. Drouillard . . . **are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.**" (Proposed Second Amended Complaint ¶ 31 (emphasis added).) By plaintiffs' own admission they are simply guessing at what they believe might have happened, and clearly cannot provide the necessary detailed facts needed to survive a motion to dismiss under either or Fed. R. Civ. P. 12 or 9(b).[3] Plaintiffs are simply attempting to gut the immunity provided in the Witness Immunity Doctrine, the Medical Malpractice Act, the *Morgan* and *Dyer* cases and all of the public policy that supports these doctrines and cases. The proposed amendments are futile and leave should be denied.

---

[3] In the same paragraph, plaintiffs name specific attorneys and law firms that allegedly participated in this RICO activity because of their legal representation in the underlying Workers Disability Compensation actions. Moreover, the latest version of the *Revised* Second Amended Complaint (Second Revision), also asserts that alleged RICO violations were committed by "Dr. Drouillard and other 'independent medical examiners.'" These proposed amendments demonstrate how far these plaintiffs are willing to go with their allegations and attempts to push the RICO envelope, and begs the question as to how far they will go if allowed to continually amend their Complaint. If the amendments are permitted, every doctor who ever opined that an employee was fit to return to work, and every lawyer or law firm that represented such individual's employer or its carrier, will be subject to a RICO lawsuit.

## CONCLUSION

For all of the reasons stated above, all of the reasons stated in Dr. Drouillard's Motion to Dismiss and Reply, Coke's Motion to Dismiss and Reply, Coke's Briefs in Opposition to Plaintiffs' Motions for Leave to Amend, Sedgwick's Motion to Dismiss and Reply, and Sedgwick's Opposition to Plaintiffs' Motions for Leave to Amend,[4] Dr. Drouillard respectfully requests that this Court deny Plaintiffs' Amended Motion for Leave to File *Revised* Second Amended Complaint (Second Revision).

BUTZEL LONG

/s/ Daniel B. Tukel (P34978)
Lynn A. Sheehy (P38162)
Katherine D. Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000
tukel@butzel.com
sheehy@butzel.com
goudie@butzel.com
Attorneys for Defendant Dr. Drouillard

Dated: August 31, 2009

---

[4] Dr. Drouillard adopts Coca Cola Enterprises, Inc. and Sedgwick's Briefs in Opposition to Plaintiffs' Motions for Leave to File Second Amended Complaint. Plaintiffs' proposed new conspiracy and aiding and abetting claims are deficient as a matter of law for the reasons stated in those Briefs.

### Certificate of Service

I hereby certify that on August 31, 2009, I electronically filed the foregoing document, Defendant Dr. Paul Drouillard's Response To Plaintiffs' Amended Motion For Leave To File Second Amended Complaint (Second Revision) with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Marshall Lasser
P.O. Box 2579
Southfield, Michigan 49037
MLasserlaw@aol.com

Kathleen H. Klaus
28400 Northwestern Hwy. 3rd Floor
Southfield, Michigan 48034
khk@maddinhauser.com

Thomas W. Cranmer
Matthew F. Leitman
840 West Long Lake Road, Ste. 200
Troy, Michigan 48098
cranmer@millercanfield.com
leitman@millercanfield.com

**BUTZEL LONG**

/s/Daniel B. Tukel
Daniel B. Tukel (P34978)
Lynn A. Sheehy (P38162)
Katherine D. Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000
tukel@butzel.com
sheehy@butzel.com
goudie@butzel.com
Attorneys for Defendant Dr. Drouillard