UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON E. JACKSON and
CHRISTOPHER M. SCHARNITZKE,

    Plaintiffs, on behalf of themselves
    and other persons similarly situated,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., and COCA COLA
ENTERPRISES, INC., foreign corporations,
and DR. PAUL DROUILLARD,
jointly and severally,

    Defendants.

Case No. 09-11529
Hon. David M. Lawson
Mag. Judge Virginia M. Morgan

---

**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
<u>SECOND REVISED SECOND AMENDED COMPLAINT</u>**

MADDIN HAUSER WARTELL ROTH & HELLER, P.C.
Harvey R. Heller (P27351)
Kathleen H. Klaus (P67207)
Attorneys for Defendant Sedgwick Claims Management Services, Inc.
28400 Northwestern Highway, 3rd Floor
Southfield, MI 48034
(248) 359-7520

## QUESTIONS PRESENTED

I.     Should Plaintiffs be granted leave to add a claim under 18 U.S.C. § 1964(d) when they have not stated a claim and have no standing to assert a claim under § 1964(c)?

        **Sedgwick answers: No.**

II.     Should Plaintiffs be granted leave to add an additional plaintiff when the allegations concerning that plaintiff further undermine Plaintiffs' ability to plead a pattern of racketeering activity under 18 U.S.C. § 1964?

        **Sedgwick answers: No.**

# PRINCIPAL AUTHORITY

## Cases

*Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 995-96 (6th Cir. 1994) .................. 2

*Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ................................................ 3

*Troxel Mfg. Co v. Schwinn Bicycle Co.*, 489 F.2d 968, 970-71 (6th Cir. 1973) ............................... 2

*Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008) ............................... 2

*Winget v. J.P Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008) ................................. 2

## Statutes

18 U.S.C. § 1962(a), (b) or (c) ............................................................................................................. 1

18 U.S.C. § 1962(d) ....................................................................................................................... 1, 3

18 U.S.C.§ 1964(d) ............................................................................................................................ 1

Plaintiffs seek leave to amend their First Amended Complaint to include a new named plaintiff and to assert a claim for conspiracy to violate RICO under 18 U.S.C. § 1964(d). Because the proposed amendments would be futile, Sedgwick Claims Management Services, Inc. ("Sedgwick") respectfully asks the Court to deny the motion.

I. **New Allegations in Second Amended Complaint.**

The proposed Second Revised Second Amended Complaint seeks to add Paul Lulek as a named plaintiff. Mr. Lulek is employed by Coca Cola Enterprises, Inc. ("CCE") and claims to have suffered an on-the-job injury. Sedgwick adjusted the claim and sent Mr. Lulek to Dr. Paul Drouillard for an Independent Medical Examination ("IME"). *See* Proposed Second Revised Second Amended Complaint at ¶ 31C. CCE was not part of the conspiracy to deny Mr. Lulek his benefits. *Id* at p. 31.

Plaintiffs also seek to add claims for relief under 18 U.S.C. § 1962(d) which makes it unlawful to conspire to violate RICO. *See* Proposed Second Revised Second Amended Complaint at ¶ 30A.

II. **Argument.**

The proposed amendments to Plaintiffs' complaint would be futile because (1) Plaintiffs cannot state a claim for violations of 18 U.S.C. § 1962(d) when they fail to state a cause of action under 18 U.S.C. § 1962(a), (b) or (c); and (2) the allegations regarding Mr. Lulek further underscore Plaintiffs' inability to plead facts that establish a pattern of racketeering activity.

A. **Legal standard.**

While a court " 'should freely give leave when justice so requires,' the right to amend is not absolute or automatic." *Tucker v. Middleburg-Legacy Place, LLC,* 539 F.3d 545, 551 (6th

Cir. 2008). Courts should not grant leave to amend, for example, when the proposed amendment would be futile or when there is a legal defense baring the claim. *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.,* 32 F.3d 989, 995-96 (6th Cir. 1994); *Troxel Mfg. Co v. Schwinn Bicycle Co.,* 489 F.2d 968, 970-71 (6th Cir. 1973) (affirming denial of leave to amend complaint where the plaintiff could have presented its alternative theory of recovery in the initial complaint because "[a] misconception of the law is not an excuse for the late presentation of an alternative theory of recovery"). When the prior pleading was not subject to dismissal because of lack of specificity, failure to allege an element of a claim or similar deficiencies but because there is no viable cause of action on the facts pled, leave to amend must be denied. *Winget v. J.P Morgan Chase Bank, N.A.,* 537 F.3d 565, 573 (6th Cir. 2008) (leave to amend properly denied where prior claims were dismissed because they were barred by *res judicata* or were premature).

Under this authority, Plaintiffs' motion must be denied as futile.

    **B.**    **The amendments do not cure the defects in the First Amended Complaint.**

Sedgwick filed a Combined Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss First Amended Complaint ("Motion"). *See* Docket No. 39. The Motion establishes that Plaintiffs do not have standing to assert a claim under RICO because they are seeking compensation for personal injuries and because their claims are not ripe. The Motion further demonstrates how Plaintiffs cannot pled a claim under RICO because (a) they cannot prove that Sedgwick committed the predicate acts of mail and wire fraud and (b) Plaintiffs' theory of liability does not support an inference of a "pattern of racketeering activity." Sedgwick also joined in arguments raised by its co-defendants in their motions to dismiss the First Amended Complaint. The

proposed Second Revised Second Amended Complaint does not cure any of the defects raised by the defendants in their respective motions to dismiss.

For example, Sedgwick argues in its Motion that Plaintiffs lack standing because the are seeking personal injury damages and because they claims are not ripe. The standing argument is not based on the failure to plead an element, but on the irrefutable facts that Plaintiffs contend support their claims for relief, *i.e.* that they suffered personal injuries for which Defendants refused to compensate them and that Defendants' decision to deny benefits has not been adjudicated.

In addition, Plaintiffs cannot rest their RICO claims on the predicate acts of mail and wire fraud, because they cannot pled that anyone was "deceived" by Sedgwick's alleged conduct. Again, Plaintiffs' theory – and not the failure to pled specific facts – supports the dismissal on this ground

Because no amendment can cure these defects, leave to amend must be denied.

### C. Plaintiffs have no cause of action under 18 U.S.C. § 1962(d).

Sedgwick has moved to dismiss the First Amended Complaint for failure to state a claim and other grounds. When, as here, a plaintiff cannot state a claim under 18 U.S.C. § 1962(a), (b) or (c), as a matter of law, he cannot state a claim under § 1962(d) for conspiring to violate those statutes. *Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000), and cases cited therein. The proposed amendment adding a claim under 18 U.S.C. § 1962(d) thus would be futile.

**D. The allegations involving Mr. Lulek further undermine Plaintiffs' inability to plead a pattern of racketeering activity.**

As Sedgwick argues in its Motion, Plaintiffs cannot plead of pattern of racketeering activity because the allegations establish that Mr. Jackson and Mr. Scharnitzke were denied benefits by different actors, working through different enterprises, using different *modus operandi*. The allegations regarding Mr. Lulek further underscores the lack of any coherent pattern in the allegations of bad conduct on the part of defendants.

Mr. Lulek contends that he injured his knee on the job on March 12, 2007. After paying benefits for a period of time, Sedgwick asked Mr. Lulek to submit to an IME by Dr. Drouillard. *See* Proposed Second Revised Second Amended Complaint at ¶ 31C, p. 29. Dr. Drouillard concluded that Mr. Lulek had reached his MMI (maximum medical improvement). Sedgwick then terminated Mr. Lulek's benefits effective May 3, 2007. A few weeks later, Mr. Lulek was examined by a different doctor who recommended surgery for Mr. Lulek's knee and who opined that Mr. Lulek's "condition" was related to his employment. *Id.* at p. 30. Sedgwick refused to reinstate Mr. Lulek's benefits, despite having received the second report. *Id.*

Unlike Mr. Jackson and Mr. Scharnitzke, Mr. Lulek does not contend that CCE was part of the "enterprise" that conspired to deprive Mr. Lulek of his alleged entitlement to benefits; only Sedgwick and Dr. Droulliard were involved. As stated in the Motion, these disparate allegations do not suggest a pattern of racketeering activity, but discrete, separate, unrelated decisions. Mr. Lulek's allegations support the conclusion that the decision to contest benefits was not part of a common scheme, but a decision reached by separate actors making decisions outside of any structure that could be reasonably construed as an "association in fact" between the defendants.

*Boyle v. United States*, 129 S.Ct. 2237 (2009). Adding Mr. Lulek to this case as a named-plaintiff compounds rather than solves Plaintiffs' inability to adequately plead a claim under RICO.

### III. Conclusion.

As a matter of black letter federal law, a party should not be permitted to amend a defective pleading when, as here, the amendments will not cure the defects. Plaintiffs' Motion for Leave to Amend must be denied accordingly.

/s/ Kathleen H. Klaus
Kathleen H. Klaus (P67207)
Attorney for Defendant Sedgwick Claims Management Services, Inc.
28400 Northwestern Highway, 3rd Floor
Southfield, MI 48034 - (248) 359-7520
Attorney E-Mail: khk@maddinhauser.com

Dated: August 31, 2009

---

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2009, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: all counsel of record.

/s/ Kathleen H. Klaus
Kathleen H. Klaus (P67207)
Attorney for Defendants
28400 Northwestern Highway, 3rd Floor
Southfield, MI 48034
(248) 359-7520
Attorney E-Mail: khk@maddinhauser.com

Dated: August 31, 2009

---