UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON E. JACKSON, et al

v.                                                                  Case No. 09-11529
                                                                    Hon. David M. Lawson
SEDGWICK CLAIMS MANAGEMENT                                          Mag. Judge Virginia M. Morgan
SERVICES, INC., et al,

       Defendants.

---

### SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S REPLY IN SUPPORT OF COMBINED RULE 12(B)(1) AND RULE 12(B)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiffs accuse Sedgwick Claims Management Services, Inc. ("Sedgwick") of "lying" in Sedgwick's Combined Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss First Amended Complaint ("Motion") because Sedgwick drew attention to incurable defects in Plaintiffs' First Amended Complaint ("Complaint"). In doing so, Plaintiffs repeat the tactic they used in their effort to fit Sedgwick's "square peg" business decision into the "round hole" of a RICO claim. Plaintiffs believe that through strident language, a disagreement over the validity of Plaintiffs' claims becomes "lying", just as they hope that through mischaracterization they can turn Sedgwick's decision to contest Plaintiffs' workers compensation claim into "fraud." Their efforts fail as a matter of law.

    **A.**    **The Court cannot take as true Plaintiffs' legal conclusions or implausible theories.**

Plaintiffs argue that because they labeled the allegations of their Complaint as "fraud" the Court must accept that characterization as true for purposes of Sedgwick's motion to dismiss. The United States Supreme Court disagrees. In *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009), the Supreme Court clarified the standard applicable to Rule 12(b)(6) motions and held

definitively that a federal court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id* citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct 1955 (2007). Instead, the initial review of a complaint for failure to state a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct at 1950. Thus, deciding whether the facts pled, take as true, state a claim under RICO requires the Court to consider Defendants' denial of workers compensation benefits in context and to determine whether the denial of benefits constitutes "fraud" when, as here, there has been no determination that Plaintiffs were ever entitled to benefits in the first place. The Complaint falls woefully short of stating a claim under this (the correct) standard of review.

      **B.**      **There is no claim for mail fraud where no one was deceived by the conduct alleged.**

Plaintiffs argue that "the allegation of fraudulent deception is not a requirement for a civil RICO case under 18 U.S.C. 1962(c)." *See* Response at p. 10. This statement misses the point raised in the Motion and instead argues a point of law that is not in dispute. While the RICO statute itself does not require an act of "fraudulent deception", the predicate acts of mail and wire fraud do require that someone be deceived by the alleged scheme even if (as Plaintiffs correctly note) the crime does not require the material elements of a common law claim for fraud. *United States v. Gold Unlimited, Inc.,* 177 F.3d 472, 479 (6th Cir. 1999) (mail fraud requires that someone be deceived by the scheme). As the United States Supreme Court held in a case improperly cited by Plaintiffs for the opposite proposition, the "gravamen" of the charge of mail fraud "is the scheme to **defraud**." *Bridge v. Phoenix,* 128 S.Ct. 2131, 2138 (2008) (emphasis added). The *Bridge* court found that the allegations in that case established a violation of the mail fraud statute, because the defendants were alleged to have used the mails to rig an auction.

2

These actions defrauded the plaintiffs and others out of their right and opportunity to participate in a fair auction.

No one was defrauded out of anything in the scenario pled in the instant Complaint. Sedgwick contested Plaintiffs' entitlement to benefits. This decision did not deprive Plaintiffs of any benefits, it merely required Plaintiffs to raise the question of their entitlement to benefits with Michigan's Workers Compensation Agency ("WCA"). This Court's judicial experience and common sense allow it to ignore the label Plaintiffs placed on Sedgwick's decision and to see it for what it was: a routine disagreement with an allegedly injured worker over whether the worker is entitled to compensation for the alleged injury.

Plaintiffs' confusion on their obligation to plead facts that establish Plaintiffs were defrauded out of benefits as part of the predicate act of mail fraud stems from Plaintiffs' assumption that Sedgwick is arguing that a litigant must plead that the communications sent through the mails must themselves be fraudulent. *See* Response at pp. 11 – 12. This is not Sedgwick's contention. Rather, the scheme a defraud that is a material to the charge of mail fraud requires ***deception***, something that is utterly missing in this case but was present in all of the authority cited by Plaintiffs in their brief. *See e.g., Tabas v. Tabas,* 47 F.3d 1280, 1294 (3rd Cir. 1995) (plaintiffs alleged defendants fabricated expenses to support fraudulent withdrawals from partnership assets); *Abels v. Farmers Commodities Corp.,* 259 F.3d 910 (8th Cir. 2001) (plaintiffs were induced to enter into futures contracts based on false representations concerning risk).

Plaintiffs continue their campaign of misdirection by insisting that *Brown v. Cassens Transport Co.,* 546 F.3d 347 (6th Cir. 2008) reached the issue of whether contesting a claimants' entitlement to benefits under the Workers Disability and Compensation Act ("WDCA") by use

3

of the mails will support the predicate acts of mail and wire fraud. *Brown* never reached the issue. Rather, *Brown* held that the McCarran-Ferguson Act's prohibition on federal laws interfering with a state's efforts to regulate the "business of insurance" did not bar a RICO claim premised on the denial of workers compensation benefits. This is a narrow holding addressed to a specific preemption argument based on a particular federal statute. Sedgwick's argument relies on the well-established principal that a person is not defrauded out of his rights to benefits conferred by statute when, as here, he has the ability to pursue his right to those benefits through an exclusive remedy created in the statute that conferred the benefits. Plaintiffs make no effort to distinguish that authority nor do they even discuss the principal. Instead, they attempt to stretch the holding in *Brown* to stand for propositions that were not even contemplated by the *Brown* court.

### C. Plaintiffs lack standing.

The WCA, and not Sedgwick or Plaintiffs' counsel, determines whether Plaintiffs are entitled to the benefits in the first place. The WCA has not made a determination. Unless the WCA determines that the Plaintiffs are not entitled to benefits, Plaintiffs have no cognizable, concrete defined injury. Plaintiffs argue that they have actual damages in the form of attorneys' fees and costs incurred in pursuit of their alleged entitlement to workers compensation benefits. Plaintiffs' rely on an affidavit in support of that proposition that does not in fact even mention damages. Moreover, the attorneys' fees and expenses incurred in perusing Plaintiffs' rights under the WCDA are only recoverable if Plaintiffs establish they are entitled to benefits in the first place. They have not done that and cannot do it until the WCA makes its determination. The defense costs and expenses thus are contingent, inchoate damages that will not support standing under RICO.

4

Further, Plaintiffs contend that *Brown* stands for the proposition that plaintiff has standing "if he has incurred a definite financial injury, even if the amount is indefinite." *See* Response at p. 7. Plaintiffs did not provide a page cite to *Brown* for this proposition because *Brown* never discussed the issue. The *Brown* court was not asked to decide whether the injuries alleged in that case were compensable under RICO and Plaintiffs cannot cite *Brown* for that proposition.

Finally, Plaintiffs contend that their injuries are statutory, not personal injuries. Even if the impairment of a statutory entitlement was an interest to "business or property" under RICO (and Plaintiffs cited no authority for this proposition), the characterization underscores that Plaintiffs' statutory "rights" must be determined by the process set forth in the WDCA. This has not occurred and the damages cannot be alleged with the requisite specificity.

### D. Conclusion.

Plaintiffs failed to discuss meaningfully (let alone distinguish) the controlling and persuasive authority cited in Sedgwick's motion that compel the dismissal of this case. Instead, Plaintiffs rely on *Brown* as a panacea for all of Plaintiffs' pleading defects and cite *Brown* as dispositive of issues not even addressed in that case. Taken as true, Plaintiffs allege only that Sedgwick contested Plaintiffs' entitlement to workers compensation benefits when Plaintiffs contend they should have been awarded benefits. This is not the type of long-term *criminal* conduct proscribed by RICO and the Complaint must be dismissed accordingly.

          /s/ Kathleen H. Klaus
MADDIN HAUSER WARTELL ROTH & HELLER, P.C.
Kathleen H. Klaus (P67207)
Attorneys for Defendant Sedgwick Claims
Management Services, Inc.
28400 Northwestern Highway, 3rd Floor
Southfield, MI 48034
(248) 359-7520

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 31, 2009, I electronically filed SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S REPLY IN SUPPORT OF COMBINED RULE 12(B)(1) AND RULE 12(B)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                                    ___/s/ Kathleen H. Klaus_____
                                                    Kathleen H. Klaus (P67207)
                                                    Attorneys for Defendants
                                                    28400 Northwestern Hwy., 3rd Floor
                                                    Southfield, Michigan 48034
                                                    (248) 354-4030
                                                    [P67201]
DATED: August 31, 2009              Primary E-mail: khk@maddinhauser.com