UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON E. JACKSON and
CHRISTOPHER M. SCHARNITZKE, on
behalf of themselves and other persons
similarly situated,

       Plaintiff(s),

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., and COCA COLA
ENTERPRISES, INC., foreign corporations,
and DR. PAUL DROUILLARD, jointly and
severally,

       Defendant(s).
_____/

Case No. 09-11529

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR AN
AMENDMENT OF FINDINGS AND JUDGMENT UNDER RULE 52, FOR
RECONSIDERATION UNDER RULE 59, AND FOR RELIEF FROM
<u>JUDGMENT UNDER RULE 60 [62, 63]</u>**

       This matter comes before the Court on Plaintiffs' motion: (1) seeking an amendment of findings and judgment, pursuant to Federal Rule of Civil Procedure 52(b); (2) seeking relief from judgment under Rule 60(b)(1), (2), (6); and (3) seeking to have the Court reconsider and alter its March 11, 2010 Order granting Defendants' motions to dismiss and denying Plaintiffs' motions for leave to amend, [Docket Text # 59], pursuant to Rule 59(e), "which this Court treats as a motion for reconsideration." *Krupp v. Metropolitan Life Ins. Co.*, No. 00-71024, 2001 WL 1754465, *1 (E.D. Mich. Nov. 7, 2001).

       For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.  Motion for an Amendment of Findings and Judgment: Rule 52(b)**

The Court declines Plaintiffs' request to amend or make additional findings because Plaintiffs' arguments are without merit.

**II.  Motion for Reconsideration: Rule 59(e), Local Rule 7.1(g)(3)**

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, the Court will not grant motions for reconsideration "that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." Because Plaintiffs' motion fails to satisfy the rules' requirements, it is DENIED.

"Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Owner-Operator Independent Drivers Assoc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003) (internal quotations and citations omitted). Motions for reconsideration likewise do not allow the losing party to attempt to supplement the record with previously available evidence. *See Tolbert v. Potter*, 206 Fed. App'x 416, 417-18 (6th Cir. 2006) ("We also note that the district court did not abuse its discretion in refusing to grant Tolbert's motion for reconsideration because the evidence Tolbert wanted the district court to consider was available at the time the summary judgment motion was decided, and would not have affected the outcome even if considered."); *Basinger v. CSX Transp., Inc.*, No. 94-3908, 1996 WL 400182, *3 (6th Cir. July 16, 1996) (holding that it was "not an abuse of discretion for a district court to decline to consider a Rule 59(e) motion in which the movant attempts to submit evidence that was available at the time the movant

was contesting a summary judgment motion") (citing *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989); and *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122-23 (6th Cir. 1982)). Here, the evidence Plaintiffs want the Court to consider was available at the time the motions to dismiss were decided,[1] and would not have affected the outcome even if considered.

Accordingly, this Court STRIKES the exhibits to Plaintiffs' motion for reconsideration not previously submitted.[2] Therefore, the Clerk of Court is directed to remove the stricken exhibits from the ECF system.

### III.  Motion for Relief from Judgment: Rule 60(b)(1), (2), (6)

Rule 60(b) provides a number of grounds under which a court has the discretion to set aside a judgment, including the three that Plaintiffs cite here: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub*, 90 Fed. App'x 456, 458

---

[1] This Court's Order granting Defendants' motions to dismiss and denying Plaintiffs' motions for leave to amend, [Docket Text # 59], was decided and issued on March 11, 2010. The evidence Plaintiffs want the Court to now consider was available on or before March 1, 2010.

[2] This includes Docket Text # 62-2, 62-3, 63-2, and 63-3.

(6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). Plaintiffs have failed to demonstrate an entitlement to relief under any subsection of Rule 60(b).

Three factors are relevant to determine whether Rule 60(b)(1) relief is appropriate: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citing *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)). "Relief under 60(b)(1) is not available when the excusable neglect is premised on attorney error." *United States v. One Men's Rolex Pearl Master Watch*, No. 08-6524, 2009 WL 4885260, *2 (6th Cir. Dec. 16, 2009). Here, attorney error is the only premise Plaintiffs offer to establish excusable neglect: "[t]he excusable neglect or mistake was Lasser's [Plaintiffs' attorney] belief that the allegations ... already plead in the Complaint and proposed Second Amended Complaint were sufficient under existing RICO case law." (Pls.' Mot. at 10.) Thus, relief under Rule 60(b)(1) is not available.

Plaintiffs' request under Rule 60(b)(2) does not produce a different result from their request under Rule 59. "The same standard applies for establishing this [new evidence] ground for relief, whether the motion is under Rule 59 or 60(b)(2). ... The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them" while the matter was pending before the Court. 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2808 at 86, 87-88 (2d ed.). Plaintiffs have not shown that they could not have, in the exercise of due diligence, discovered and timely presented the

4

evidence prior to the issuance of this Court's Order granting Defendants' motions to dismiss and denying Plaintiffs' motions for leave to amend, [Docket Text # 59].

With regards to Rule 60(b)(6), the Sixth Circuit has held that "[r]elief from a judgment pursuant to Rule 60(b)(6) 'is appropriate to accomplish justice in an extraordinary situation.'" *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985)). Plaintiffs fail to state a sufficient reason to meet this demanding standard, so they are not entitled to relief on this alternative ground under Rule 60(b).

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 22, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 22, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager